## WATERTOWN CARRIAGE CO v. HALL.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

CONVERSION—DEFENSES—DISCHARGE IN BANKRUPTCY.

Where a complaint charges a wrongful misappropriation and embezzlement of certain money, and avers complainant's ownership, demand therefor, and defendant's refusal to deliver, a discharge in bankruptcy is properly pleaded as a defense to a cause of action for conversion, though ineffective as against a cause of action for embezzlement.

Appeal from trial term, Saratoga county.

Action by the Watertown Carriage Company against Edwin L. Hall. From a judgment sustaining a demurrer to part of defendant's answer, he appeals. Reversed.

The complaint alleges, in substance, the incorporation of the plaintiff; that prior to the commencement of the action the plaintiff was the owner and entitled to the immediate possession of the sum of $65; "that heretofore, and between the 13th day of February, 1899, and the date of the commencement of this action, the defendant did wrongfully, fraudulently, and unlawfully convert, misappropriate, and embezzle said property, to wit, said sum of $65, the same being lawful money of the United States of America." The complaint further alleges that before the commencement of the action the plaintiff duly demanded the said property, but the defendant refused to deliver the same, to the plaintiff's damage "of the sum of $65, with interest from the date of said conversion, misappropriation, and embezzlement." The third defense asserted by the defendant is, in substance, a discharge in bankruptcy by an order of the United States district court of the Northern district of New York, which discharged the defendant from all "debts dischargeable under said bankruptcy law." To this defense the plaintiff demurred as insufficient in law upon the face thereof. This demurrer was by the special term sustained, and from the judgment entered upon the decision of the special term this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

W. J. Miner (C. H. Sturges, of counsel), for appellant.
Frederick B. Phillips, for respondent.

SMITH, J. This judgment can only stand if the sole cause of action alleged in the complaint be of a class not discharged by the defendant's discharge in bankruptcy. If any other cause of action be alleged upon which the discharge in bankruptcy could operate, then the defense was properly pleaded, notwithstanding there be also joined in the complaint a cause of action for embezzlement, as against which a discharge in bankruptcy would be ineffective. Upon examination of the complaint, it will be seen that there are allegations of plaintiff's ownership of this $65, and of his demand therefor upon the defendant, and of the defendant's refusal to deliver the same. Under such allegations, proof of a conversion of funds lawfully obtained by the defendant would seem to be competent, and the allegation of unlawful and fraudulent embezzlement and misappropriation could be treated as surplusage. But as a defense to a cause of action for conversion the discharge in bank-

ruptcy is properly pleaded, and the demurrer to such plea as insufficient in law upon the face thereof should have been overruled.

The interlocutory judgment should therefore be reversed, with costs, and the demurrer overruled, with costs.

All concur.