## WATERTOWN CARRIAGE CO. v. HALL.

(Supreme Court, Appellate Division, Third Department. September 3, 1902.)

1. BANKRUPTCY—DISCHARGE—DEMAND FOR CONVERSION.

Bankruptcy Act 1898, § 17, provides a discharge in bankruptcy shall relieve a bankrupt from all his provable debts save judgments for fraud and false representations, or willful and malicious injuries to person or property, those debts created by fraud, defalcation, etc., in a fiduciary capacity, and those not duly scheduled. Section 63a, enumerating provable debts, does not specify a demand on account of goods taken, converted, etc. Section 63, subd. "b," provides for the liquidation of unliquidated claims, as did Act 1867, § 5067. Held, that a claim for conversion not being mentioned as a provable debt, the provisions of section 63b, referring to provable debts not made certain as to amount, and a contention that the exceptions of section 17 indicated an intention to make other debts provable than those in section 63a being of no merit, a demand for conversion is not defeated by a discharge in bankruptcy.

Appeal from special term, Saratoga county.

Action by the Watertown Carriage Company against Edwin L. Hall. From a judgment for plaintiff on demurrer to the answer, defendant appeals. Affirmed.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 791.

The complaint alleges, in substance, the incorporation of the plaintiff; that prior to the commencement of the action the plaintiff was the owner, and entitled to the immediate possession, of the sum of $65; "that theretofore, and between the thirteenth day of February, 1899, and the date of the commencement of this action, the defendant did wrongfully, fraudulently, and unlawfully convert, misappropriate, and embezzle said property, to wit, said sum of sixty-five dollars, the same being lawful money of the United States of America." The complaint further alleges that before the commencement of the action the plaintiff duly demanded the said property, but the defendant refused to deliver the same, to the plaintiff's damage "of the sum of sixty-five dollars, with interest from the date of said conversion, misappropriation, and embezzlement." In his third defense defendant alleges a discharge in bankruptcy. To this defense the plaintiff demurred, as insufficient in law upon the face thereof. The demurrer was by the special term sustained, and from the judgment entered upon the decision this appeal is taken.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

W. J. Miner (C. H. Sturges, of counsel), for appellant.
Levi H. Brown, for respondent.

SMITH, J. This case is now before us upon a reargument ordered. The case, as first decided, is reported in 66 App. Div. 84, 72 N. Y. Supp. 466. In the briefs presented upon that argument, it was stated that the bankruptcy law of 1898 was a substantial re-enactment of the act of 1867, and in the decision this fact was assumed. Upon a motion for reargument, portions of the act of 1898 were called to our attention materially differing from the provisions of the act of 1867, and which, upon consideration, call for a reversal of the decision which we then made, and the affirmance of the decision of the court below. By section 17 of the act of 1898 it is provided that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except certain debts specified. By section 63 is defined what are provable debts. Under that section there are five classes of debts which may be proved against a bankrupt and allowed against his estate: (1) A fixed liability, as evidenced by a judgment or an instrument in writing, etc. (2, 3) Certain sums due as taxable costs. (4) Debts founded upon an open account, or upon a contract express or implied. (5) Judgments upon provable debts obtained after the filing of the petition, and before the consideration of the bankrupt's application for a discharge. In none of these subdivisions is included the claim set forth as a cause of action in the plaintiff's complaint herein. Under section 5067, Rev. St. U. S. 1875, which was a part of the bankruptcy law of 1867, among the provable debts were included "all demands against the bankrupt for or on account of any goods or chattels wrongfully taken, converted, or withheld by him." Under that act it is clear, as was held, that a cause of action for conversion was released by a discharge in bankruptcy. In the present statute, however, this provision nowhere appears, and a demand for a conversion of property as such is no longer a provable debt, and therefore no longer released by a discharge in bankruptcy. Subdivision "b," § 63, provides for the liquidation of unliquidated claims, but the unliquidated claims there referred to are claims specified in subdivision "a" of the section as prov-

able debts.    They are those provable debts which have not been so far
liquidated as to make certain the amount which should be allowed
against the bankrupt.    This would seem to be indicated by comparison
with the former bankruptcy law (Rev. St. § 6067), above cited, where
similar provision is found.    It is not necessary here to discuss what
would be the situation if in the complaint the plaintiff had chosen to
waive the tort.    It has not so elected.    See Coll. Bankr. p. 399.

Appellant argues that the exceptions specified in section 17 indi-
cate an intention to make provable other debts than those specified in
subdivision "a" of section 63.    To this we disagree.    The specification
in section 63, subd. a, of what are provable debts is clear, and will not
be extended, except by necessary implication.    The discharge in bank-
ruptcy constituted no defense to plaintiff's complaint, and the demurrer
was properly sustained.

Judgment affirmed, with costs, with usual leave to amend upon pay-
ment of costs.    All concur.