# FREDERIC L. GRANT SHOE COMPANY *v.* W. M. LAIRD COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NEW YORK.

No. 35.   Argued December 2, 1908.—Decided February 23, 1909.

The time within which a writ of error may be brought to review an adjudication of bankruptcy of the District Court is two years as regulated by §§ 4, 5, of the act of March 3, 1891, c. 517, 26 Stat. 826, 827, and not thirty days, the time fixed for appeals by general order of this court in bankruptcy, No. 36. *Allen* v. *Southern Pacific Co.,* 173 U. S. 479.

A bill of exceptions is not necessary when it adds nothing to the record. *C. H. Nichols Lumber Co.* v. *Franson,* 203 U. S. 278.

The objections to a double resort to review decisions of the lower courts to both the Circuit Court of Appeals and this court do not apply where the proceeding in the Circuit Court of Appeals is merely revisory as

it is under § 24*b* of the Bankruptcy Act; and a merely interlocutory decision in such a proceeding cannot prevent a case otherwise proper to be brought here, from being taken to this court after final judgment.

Provable claims, on which a petition to have the debtor adjudicated a bankrupt under § 59*b* of the Bankruptcy Act can be based, are claims that can be proved in the proceedings, and a liquidation may be ordered on the filing of the petition to ascertain whether the petition is based on a provable claim.

A provable claim may be based on the breach of an express warranty.

THE facts are stated in the opinion.

*Mr. P. M. French* for plaintiff in error.

*Mr. Hiram R. Wood* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case comes up on a certificate concerning the jurisdiction of the District Court on the following facts: The W. M. Laird Company filed a petition in bankruptcy against the Frederic L. Grant Shoe Company, alleging acts of bankruptcy and setting up a claim for $3,732.80 for the breach of an express warranty of shoes sold to it by the latter. The Shoe Company answered, denying the foregoing allegations, and denying that the claim alleged was a provable claim. The case coming on to be tried before a jury, it moved the court to dismiss the proceeding for want of jurisdiction. The motion was denied, and insolvency and acts of bankruptcy being admitted, the claim was liquidated at $3,454, the Shoe Company offering no evidence. The Shoe Company was adjudged a bankrupt, and at the same time the judge certified that the jurisdiction of the court to make such an adjudication on a claim for unliquidated damages was the only question in issue. Afterwards this writ of error was brought, the taking of jurisdiction being the only error assigned.

It already has been decided between these parties that a writ of error, not an appeal, is the proper means of bringing the

case here. 203 U. S. 502. But the defendant in error moves to dismiss on the grounds that the writ was not sued out in time, because General Order 36 (2), allows only thirty days for appeals; and that no bill of exceptions was filed. Neither reason is good. The statutes fix the time within which writs of error may be brought. Rev. Stat. § 1008. See Act of March 3, 1891, c. 517, §§ 4, 5; 26 Stat. 826, 827; *Allen* v. *Southern Pacific R. R. Co.*, 173 U. S. 479, 486. A bill of exceptions was not necessary, as it would have added nothing to what is patent on the face of the record. *C. H. Nichols Lumber Co.* v. *Franson,* 203 U. S. 278.

Perhaps it should be mentioned that a motion to dismiss, earlier than the one we have mentioned, was made and overruled, 125 Fed. Rep. 576, and that thereafter, on a petition for review, the decision was affirmed by the Circuit Court of Appeals. 130 Fed. Rep. 881. Although in the report the case is headed "In Error to the District Court," it appears by stipulation that the proceeding was a revisory one under § 24*b* of the Bankruptcy Act, the order having been interlocutory. It is suggested that the plaintiff in error is concluded by the action of the Circuit Court of Appeals. But notwithstanding the objections to a double resort, we do not perceive how such an interlocutory decision, even of the higher court, can prevent a case, otherwise proper to be brought here, from being taken up after a final judgment is reached.

Coming to the question certified, we are of opinion that the decision of the courts below was right. The argument to the contrary is based on the letter of the statute, and is easily stated and understood. By § 59*b* petitions to have a debtor adjudged a bankrupt may be filed only by creditors who have provable claims. By § 63*b*, "Unliquidated claims against the bankrupt, may, pursuant to application to the court, be liquidated in such a manner as it shall direct, and may thereafter be proved and allowed against his estate." The word "thereafter" shows, it is said, that they are not yet proved to exist when merely presented and sworn to. Therefore it does not

yet appear that there is any foundation for the proceeding, in the requisite amount or even the existence of the claim. But there must be a proceeding in court before a liquidation can take place, and, therefore, the claim cannot be liquidated until a proceeding is started in some other way. In short, the claim upon which the petition is based must be provable when the petition is filed, and this claim was not provable then since by the express words of the act it had to be liquidated before it could be proved.

On the other hand, by the equally express words of § 63a, among the debts that may be proved are those founded upon a contract, express or implied. Again, by § 17, the discharge is of all "provable debts" with certain exceptions, and it would not be denied that this claim would be barred by a discharge. *Tindle* v. *Birkett*, 205 U. S. 183. If the argument for the plaintiff in error is sound a creditor for goods sold on a *quantum valebant* would be as badly off as the petitioner, and both of them might be postponed in reducing their claims to judgment until it was too late. The intimation in *Tindle* v. *Birkett, sup.* and *Crawford* v. *Burke*, 195 U. S. 176, are adverse to such a result. The whole argument from the letter of the statute depends on reading "provable claims" in § 59b as meaning claims that may be proved then and there when the petition is filed. But if it can be seen then and there that the claims are of a kind that can be proved in the proceedings the words are satisfied; and further, no reason appears why a liquidation may not be ordered on the filing of the petition to ascertain whether it is filed rightly or not.

It is said that an unfounded claim of this sort might be used as a weapon to enforce an unjust demand or to make a solvent but struggling debtor bankrupt. *In re Big Meadows Gas Co.*, 113 Fed. Rep. 974. But an unjust demand may be made for a liquidated sum also, and we have mentioned the injustice on the other side. Again it has been suggested that a cause of action for a breach of warranty really is for deceit and sounds in tort, claims for torts not being mentioned among the "Debts

which may be proved" in § 63*a*.  *In re Morales,* 105 Fed. Rep. 761.  No doubt at common law a false statement as to present facts gave rise to an action of tort, if the statement was made at the risk of the speaker, and led to harm.   But ordinarily the risk was not taken by the speaker unless the statement was fraudulent, and it was precisely because it was a warranty, that is, an absolute undertaking by contract that a fact was true, that if a warranty was alleged it was not necessary to lay the *scienter.*  *Schuchardt* v. *Allens,* 1 Wall. 359; *Norton* v. *Doherty,* 3 Gray, 372.  In other words, a claim on a warranty as such necessarily was a claim arising out of a contract, even if in case of actual fraud there might be an independent claim purely in tort.

*Judgment affirmed.*