PATTERSON et al. v. ROBINSON BROS. & CO.

(Circuit Court of Appeals, Third Circuit. July 6, 1910.)

No. 49 (1,179).

1. TRIAL (§§ 329, 331*)—SUFFICIENCY OF VERDICT—RESPONSIVENESS TO ISSUES.
Plaintiffs sold a clay works plant on leased land to defendants, and gave possession, also contracting to sell defendants the sewer pipe and fittings on hand at a stated price for each grade; the contract providing that, in the event of a disagreement as to the grade, each party should select an arbitrator and the two should fix the grades, but before acting should also select a third arbitrator, who in the event of their disagreement should make a decision, which should be final. Plaintiffs brought an action to recover for the pipe and fittings, which it was alleged defendants had taken and disposed of without any agreement as to the grades, and also the value of other property and materials left on the premises, valued at over $200, which it was alleged defendants had converted to their own use. *Held*, that a verdict finding "for the defendants on the ground that in the opinion of the jury the plaintiffs did not make proper effort to agree upon a third arbitrator to appraise and value the sewer pipe sued for, as provided in the agreement on which suit is brought," was insufficient to support a judgment, since it made no disposition of the issues as to the other property sued for, upon which evidence was introduced, and was inconclusive and indefinite and ineffectual as to the issue passed on; there being no provision of the contract requiring the parties to take any action toward selecting a third arbitrator, which was the only ground on which it was based.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–783; Dec. Dig. §§ 329, 331.*]

2. APPEAL AND ERROR (§ 264*)—RECORD—PRESENTATION OF GROUNDS OF REVIEW—VERDICT.
A verdict is a part of the record, and no exception is necessary to support an assignment of error raising the question of its sufficiency.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1533–1535; Dec. Dig. § 264.*]

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

Action by Luther M. Patterson, Joseph C. Lukens, Emily I. Yerkes, and Thomas Robinson, doing business as L. M. Patterson & Co.,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against Robinson Bros. & Co. Judgment for defendant (159 Fed. 303), and plaintiffs bring error. Reversed.

T. C. Hipple and A. H. Coggins, for plaintiffs in error.

C. La Rue Munson, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. Luther M. Patterson, Joseph C. Lukens, Emily I. Yerkes and Thomas Robinson, doing business as L. M. Patterson & Company, the plaintiffs in error, brought an action of assumpsit in the court of common pleas of Clinton County, Pennsylvania, against The Robinson Brothers and Company, a corporation of Ohio. The suit was duly removed to the court below and there tried before a jury, which after the delivery of the charge of the court returned the following verdict:

"Now, to wit: June 19, 1907, the jury find a verdict for the defendants on the ground that in the opinion of the jury the plaintiffs did not make proper effort to agree upon a third arbitrator to appraise and value the sewer pipe sued for, as provided in the agreement on which suit is brought."

Motions for a new trial and in arrest of judgment were denied and judgment on the verdict was entered for the defendant. There are many assignments of error, of which it is necessary to consider only the last two, as follows:

"The court also erred in receiving and taking from the jury their written verdict in the form it was rendered and in discharging the jury thereafter from further consideration of the cause; said verdict being inconclusive, indefinite and ineffectual and not covering or disposing of all the issues or questions involved in the case, and submitted to the jury. This verdict as rendered by the jury, received by the court and filed in this case is as follows: 'Now, to wit: June 19, 1907, the jury find a verdict for the defendants on the ground that in the opinion of the jury the plaintiffs did not make proper effort to agree upon a third arbitrator to appraise and value the sewer pipe sued for as provided in the agreement on which suit is brought.' "

"The court also erred in directing judgment to be entered and in entering judgment for defendants on said verdict; after overruling plaintiffs' motion for a new trial."

The plaintiffs on and for some time prior to December 16, 1901, were engaged in manufacturing and selling clay sewer pipe, fittings and other clay products in Lock Haven, Pennsylvania, and in the conduct of their business occupied certain premises leased to them by the Lock Haven Clay Works, and at the above mentioned date had on the premises a large quantity of manufactured clay sewer pipe and fittings and other stock for the purposes of their business. It being the intention of the plaintiffs and defendant that the latter should acquire the right to occupy under lease the premises and also the ownership of the manufactured pipe and fittings, an agreement in writing was entered into December 16, 1901, between the plaintiffs as parties of the first part and the defendant as party of the second part in which, among other things, it was provided as follows:

"Party of the second part further agrees to pay, and the party of the first part agrees to accept for all of the manufactured goods now on hand at the

works in Lock Haven, Pa., the following rates and prices. No. 1 pipe and fittings at 87½ per cent. discount, No. 2 pipe and fittings at 92½ per cent. discount. Terms of payment of the above shall be, note of party of the second part, at three months without interest, said note to be dated January 1st, 1902. In the event of any disagreement arising between the parties of this contract as to the grade of pipe and fittings now on hand at works of party of the first part, the same shall be settled by arbitration in the following manner. Each of the parties shall select an arbitrator and these two arbitrators shall adjust and fix the grade of the pipe and fittings between themselves and render their award in writing, and at the time of their appointment, the two arbitrators shall, however, before examining said pipe and fittings select a third arbitrator, who in the event of a disagreement between the two arbitrators first selected shall then be called in and the decision of the third arbitrator shall then be final between the two parties hereto."

A day or two after the execution of this agreement possession of the premises and the manufactured pipe and fittings was delivered to and accepted by the defendant, who it is alleged in the plaintiffs' statement of claim thereafter controlled and disposed of the pipe and fittings as its own property without reference to the provision in the agreement touching arbitration in case of disagreement as to the grade of such pipe and fittings, whereby the defendant waived any such arbitration and became liable to pay to the plaintiffs the full contract price of the pipe and fittings at the time and in the manner specified in the agreement. The plaintiffs in their statement of claim set forth that at the time the defendant took possession of the premises in question there were thereon certain articles and supplies belonging to the plaintiffs, consisting of a car load of salt worth $90, a car load of lumber worth $70, two barrels of oil worth $30, and a typewriter worth $50, which the defendant thereafter used in its business and for which it promised but failed to pay the plaintiffs. The plaintiffs adduced evidence in support of these various items with the exception, possibly, of their claim to be paid for the typewriter. The seventh point presented by the defendant for instructions was, "The defendant is not liable for the oil, lumber and salt claimed for in the plaintiffs' declaration," but the court below said, "The seventh point I refuse without reading." The sale of this personal property was not effected under the agreement of December 16, 1901, and no provision for arbitration was applicable to it. The arbitration clause did not provide that the parties to the agreement or either of them should choose or agree upon or have anything to do with the choice of a third arbitrator. On the contrary, it expressly directed that, in the event of disagreement between the parties as to the grade of pipe and fittings:

"Each of the parties hereto shall select an arbitrator and these two arbitrators shall adjust and fix the grade of the pipe and fittings between themselves and render their award in writing, and at the time of their appointment, the two arbitrators shall, however, before examining said pipe and fittings select a third arbitrator, who in the event of a disagreement between the two arbitrators first selected, shall then be called in and the decision of the third arbitrator shall then be final between the two parties hereto."

The third arbitrator was to be chosen solely and exclusively by the two original arbitrators and not by the parties to the agreement or either of them. The verdict for several reasons cannot support a

judgment for the defendant. It appears from the verdict itself that so far as it was intended to relate to the agreement of December 16, 1901, the only ground on which it was rendered was that:

"In the opinion of the jury the plaintiffs did not make proper effort to agree upon a third arbitrator to appraise and value the sewer pipe sued for, as provided in the agreement on which suit is brought."

The jury restricted itself to that ground. But the agreement contained no such provision, and consequently the verdict was erroneous and without justification, and could not support a valid judgment. We lay no special stress upon the fact that, while the agreement provided for arbitration to "adjust and fix the grade of the pipe and fittings," the jury regarded the clause as applying to arbitration "to appraise and value the sewer pipe," as the former possibly may include the latter. But there is another ground fatal to the judgment. It is impossible definitely to gather from the verdict in its peculiar form whether the jury took into consideration the claim made by the plaintiffs for the salt, lumber and oil, not furnished under any agreement providing for arbitration. It fairly may be assumed that the jury did not. The verdict is properly characterized in the next to the last assignment as "inconclusive, indefinite and ineffectual and not covering or disposing of all the issues or questions involved in the case, and submitted to the jury." Under these circumstances both principle and authority exclude all doubt of the invalidity of the judgment in question. It is contended, however, that neither of the two assignments under consideration can be sustained owing to the fact that no exception was taken in the court below to the verdict. It was not necessary to except to it. It was and is part of the record, and an exception cannot be essential where it can add nothing to what appears on the face of the record. F. L. Grant Shoe Co. v. Laird, 212 U. S. 445, 29 Sup. Ct. 332, 53 L. Ed. 591. Consequently any infirmities in the judgment arising from the nature and form of the verdict on which it is based can be reached by an assignment of error.

For the above reasons the last two assignments must be sustained and the judgment below reversed, with costs, and with a direction for a venire facias de novo; and it is so ordered.