PRATT et al. v. AUTO SPRING REPAIRER CO.

(Circuit Court of Appeals, First Circuit.   May 29, 1912.)

No. 967.

BANKRUPTCY (§ 322*)—PROVABLE CLAIMS—DAMAGES FOR BREACH OF CONTRACT.
    The damages provable as a claim against an estate in bankruptcy under
    Bankruptcy Act July 1, 1898, c. 541, § 63b, 30 Stat. 563 (U. S. Comp. St.
    1901, p. 3447), for breach of a written contract ' by which the creditor
    agreed to manufacture and deliver to the bankrupt certain articles at
    agreed prices, is the difference between the contract price of the articles
    and the cost of production, without abatement by reason of the fact that
    the creditor may have subsequently sold the articles made to others where
    they were a marketable commodity.   Hinckley Case, 121 U. S. 264, 7 Sup.
    Ct. 875, 30 L. Ed. 967, and Roehm Case, 178 U. S. 1, 20 Sup. Ct. 780, 44
    L. Ed. 953, followed.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 508–510;
    Dec. Dig. § 322.*]

Appeal from the District Court of the United States for the District of Massachusetts.

In the matter of the Percy Ford Company, bankrupt.  From an order allowing claim of the Auto Spring Repairer Company, Harvey H. Pratt and others, trustees, appeal.  Affirmed.

Harvey H. Pratt, of Boston, Mass. (Samuel O. Reinstein, on the brief), for appellants.

Charles W. Blood, of Boston, Mass. (Albert P. Carter, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge.   This is an appeal against the allowance of a proof in bankruptcy by the District Court for the District of Massachusetts against the estate of the Percy Ford Company, of which the appellants are the trustees.  The claim was made by the Auto Spring Company, the appellee, and was for practically a liquidated amount, namely, the difference between the contract price for a lot of auto spring repairs and a lot of Only Cotter Setters and the cost of producing the same.  The claim arises out of an instrument in writing, and comes clearly within section 63 of the Bankruptcy Statute of July 1, 1898.  The claim was examined by the learned judge of the District Court, and a full opinion was filed by him in reference thereto, which opinion and the conclusions reached by him we adopt, with only a single addition with reference to the question of damages.†

The articles in question were to be produced by the creditor, and the court awarded the contract price less the cost of producing the same.  This was objected to, but why objected to is not very clearly maintained.  That this is the common rule was established in the Hinckley Case, 121 U. S. 264, 7 Sup. Ct. 875, 30 L. Ed. 967, and the Roehm Case, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953.  The rule adopted here was exactly the same as stated in those two cases.

The trustees in bankruptcy, however, rely on the expression in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† For opinion of District Court, see 199 Fed. 431.

later case that there should be an abatement by reason of circumstances which the vendor ought reasonably to have availed himself of. There is nothing in this record to point out that there were any such circumstances. It is true that the creditor sold at the agreed price a portion or the whole of the merchandise refused. If the merchandise in question had been specifically of a peculiar character, for which there had been no convenient market, the expression referred to might have applied here; but there is nothing here to sustain any such qualification. So far as the case shows, the refusal of the bankrupt to perform the contract limited the creditor's market only just so much.

The decree of the District Court is affirmed, with interest; and the appellee recovers its costs of appeal.