# Butler-Kyser Mfg. Co. *v.* Mitchell & Co.

## Assumpsit.

(Decided December 16, 1915.  Rehearing denied February 3, 1916.
70 South. 665.)

1. **Bankruptcy; Discharge as Bar; Fiduciary Capacity.**—Where plaintiff consigned goods to defendant for sale on commission, and defendants converted the goods or their proceeds to their own use, the discharge in bankruptcy of defendant barred plaintiff's action under § 9601, U. S. Compiled Statutes, 1913, since a commission merchant selling for others is not indebted in a fiduciary capacity within the bankrupt act by withholding the money received for the property sold, and a debt founded on contract is provable in bankruptcy, although the creditor may have elected to sue in trover as for a fraudulent conversion.

2. **Courts; Federal; Decisions; State Court.**—The effect of a discharge in bankruptcy is a Federal question, and the state courts are bound by the decisions of the Federal Supreme Court in its adjudications thereof.

3. **Judgment; Res Judicata.**—In a mandamus case against a judge to compel him to try an action, he being the sole adverse party, a reason given by the court for dismissing the petition favorable to the judge is not the law of the case in the action itself to bind the parties thereto, and nullify their rights under Federal statutes and decisions.

**4. Appeal and Error; Assignment; Insistence; Waiver.**—Where an assignment of error is not referred to in brief or argument of counsel either by name, or allusion to its subject matter, or to the questions of law that might be involved, such assignment will be treated as waived or abandoned.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the Butler-Kyser Manufacturing Company against O. D. Mitchell & Co. From a judgment for defendants, plaintiff appeals. Affirmed.

The complaint shows that plaintiff consigned to defendants for sale on commission 200 tons of fertilizer, to remain the property of plaintiff until sold in due course, and, when sold, the proceeds were to be the property of plaintiff and fully accounted for to plaintiff as such. It is charged in the several counts, aside from the common counts, that defendants wrongfully embezzled and converted said fertilizers to their own use, and have not accounted for same, and also that defendants sold the fertilizers and fraudulently embezzled and converted the proceeds to their own use. It is alleged that this misconduct by defendants was while they were acting in a fiduciary capacity as the agent of plaintiff. The defendants pleaded in bar of the suit their discharge in bankruptcy. This suit was filed on December 6, 1910. Defendants filed their voluntary petition in bankruptcy December 5, 1910, and received their decree of discharge on December 1, 1911. In the meantime, on motion of defendants, the trial court had ordered a stay of proceedings in this suit until defendants could procure their discharge in bankruptcy and make it available in defense of the suit. Following this order a petition for mandamus to compel the trial judge to proceed with the trial of this cause was presented by plaintiff to the Supreme Court, which, upon hearing, was denied. See *Ex parte Butler-Keyser Mfg. Co.,* 174 Ala. 237, 56 South. 960. These facts, together with the allegation that in said mandamus proceedings the Supreme Court decided that plaintiff's claim would not be discharged or barred by defendants' discharge in bankruptcy, and for that reason denied the writ, are all set up by plaintiff in replications to the plea of discharge. These replications were stricken from the file on motion of the defendants, and, the plea of discharge being duly proven by documentary evidence, the trial judge instructed the jury to find for the defendants.

RIDDLE, BURT & RIDDLE, for appellant. GEORGE A. SORRELL, for appellee.

SOMERVILLE, J.— (1) The single question on this appeal is whether, under section 17 of the Bankruptcy Act of 1898, the defendants' discharge in bankruptcy is a bar to the plaintiff's action, the gravamen of which is that the defendants fraudulently converted to their own use a certain lot of fertilizer, or its proceeds after sale, which was consigned to the defendants to be sold on commission and accounted for by them as agents of the plaintiff; the title to the fertilizer, except after sale in due course, and thereafter to the proceeds, being specifically reserved to the plaintiff. Section 17 of the act declares that the discharge in bankruptcy relieves the bankrupt from all of his provable debts except such as "(2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, * * * or (4) were created by his fraud, embezzlement, or misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

It is insisted for appellant that the complaint here exhibited makes a case within the exception created by subdivision 4. It has, however, been expressly and specifically settled by the decisions of the Supreme Court of the United States that: "A commission merchant and factor who sells for others is not indebted in a fiduciary capacity within the bankruptcy acts by withholding the money received for property sold by him."

And further that: "A debt originating or founded upon an open account or upon a contract express or implied is provable against the bankrupt's estate, though the creditor may have elected to bring his action in trover as for a fraudulent conversion, instead of in assumpsit upon an open account."

The leading case is *Crawford v. Burke*, 195 U. S. 177, 25 Sup. Ct. 9, 49 L. Ed. 147, which has been followed and cited with approval in the later cases of *Tindle v. Birkett*, 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 762; *Grant Shoe Co. v. Laird*, 212 U. S. 445, 29 Sup. Ct. 332, 53 L. Ed. 591; and *Clarke v. Rogers*, 228 U. S. 534, 33 Sup. Ct. 587, 57 L. Ed. 953.

(2) The effect of a discharge in bankruptcy is strictly a federal question, and we are perforce bound by the decisions of the

[Butler-Kyser Mfg. Co. v. Mitchell & Co.]

federal Supreme Court in our adjudication of the present appeal. We must therefore affirm the action of the trial court in sustaining the validity of the pleas of discharge.

(3) It is true that it was intimated in the opinion adopted by this court in the case of *Ex parte Butler-Keyser Mfg. Co.*, 174 Ala. 237, 56 South. 960, perhaps without a consideration of the federal decisions, that a discharge in bankruptcy prior to a judgment for plaintiff in this case would not, under subdivision 4 of section 17 of the Bankruptcy Act, bar his claim, and true also that this seems to have been one reason given for denying the writ of mandamus therein prayed for. But it is a misconception of the law of estoppel or res judicata to assume that a reason given in the opinion in that case for dismissing the petition favorably to the trial judge, who was the only adverse party, became "the law of the case" in the present suit so as to bind the defendants and nullify their rights under federal statutes and decisions. Indeed, any ruling to that effect by this court would be nugatory and vain, since it would be promptly set aside on appeal by the federal Supreme Court, as in the case of *Crawford v. Burke, supra.*

Let the judgment of the circuit court be affirmed.

Affirmed. All the Justices concur.

## ON REHEARING.

In its third replication to defendants' special plea plaintiff alleges that defendants filed a petition in the bankruptcy court, pending the proceedings there, asking for an injunction to prevent the prosecution of the present suit in the state court, which petition was successfully resisted by plaintiff, and, further, that during the same time plaintiff petitioned said bankruptcy court to delay defendants' discharge until plaintiff could obtain a judgment at law to subject defendants' exempt property, which petition was denied. It is further alleged that both these petitions were denied by a decision of the bankruptcy court holding that defendants' discharge would not be a bar to plaintiff's suit at law, and that defendants had the benefit of these decisions, and are thereby estopped from pleading the matters shown in their said plea.

(4) The action of the trial court in striking this replication from the files is the subject of the eighth assignment of error.

This assignment of error was not referred to in the brief of counsel, either by name or by any allusion to its subject-matter or the questions of law that might be involved. It was therefore treated as abandoned, under the well-settled rules of our practice.

We have treated the questions discussed in the opinion exactly as they were stated and discussed by counsel in their brief, and there can be no just complaint of our failure to discuss other phases of the case which counsel did not themselves deem of sufficient importance to refer to.