(101 South. 445)
## SOUTH ATLANTIC GUANO CO. v. CHILDS.
### (4 Div. 150.)

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 16, 1924.)

Bankruptcy ⬅424, 426(2)—Debt of agent, converting proceeds of securities given for goods sold on commission, not discharged; "misappropriation in fiduciary capacity;" "willful and malicious injury to property."

Under agreement between owner and consignee of goods for sale on commission, securities and debts and all collections thereon *held* owner's property, conversion of which by consignee was misappropriation in fiduciary capacity within Bankruptcy Act July 1, 1898, § 17, subd. 4, and, if willful, a willful and malicious injury to property, within subdivision 2 (Comp. St. § 9601), and not discharged.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Willful and Malicious Injury.]

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by the South Atlantic Guano Company against J. G. Childs, to recover money received by defendant to the use of plaintiff. Following adverse rulings on pleadings, plaintiff takes a nonsuit and appeals. Reversed and remanded.

Plea 2, filed by defendant to the complaint, is as follows:

"That the defendant, prior to the commencement of this action, and on the, to wit, 12th day of March, 1922, was duly adjudged a bankrupt by the District Court of the United States for the Middle District (southern division) of Alabama under the act of Congress relating to bankruptcy, and on, to wit, 16th day of May, 1922, the said defendant in said bankruptcy cause was duly and legally discharged from the payment of all debts and obligations provable in said bankruptcy court.

"The said defendant avers that the debt or liability, the foundation of this action, was due, owing, and in existence at the time of the filing of the petition in bankruptcy, and at the time of the discharge of this defendant. Wherefore the defendant is not liable on said cause of action."

Plaintiff's replications 2 and 3 to defendant's plea 2 are as follows:

"Second. That said discharge in bankruptcy does not release the said J. G. Childs from the debt or obligation which forms the basis of this suit. For that, whereas, on or about, to wit, the 16th day of December, 1919, the defendant agreed to purchase from the plaintiff, and the plaintiff agreed to sell to the defendant, fertilizer under a contract, which contract contained, among other provisions, the following clause, to wit:

"'And it is distinctly understood and agreed that all of the above fertilizers to be consigned to you as herein provided, as our agent, remain our property until sold by you, and that after sale by you the cash, notes, accounts, or other proceeds of sale are our property, and are to be accounted for by you as such, and you relinquish and assign to us all your interest in any lien, mortgage, or account taken by or due you for goods sold or money loaned to parties who have purchased any of the above fertilizers from you, until the amount due us for said fertilizer is fully paid, and, if no contrary reason arises, the notes, accounts, or other proceeds of sales as hereinbefore mentioned are to be returned to the agent, for the purpose only of collection and remittance to the company and are to be receipted for in trust to the company by the agent.' And that, under and by virtue of said contract, the plaintiff did ship and the defendant did order and receive from the plaintiff a large amount of fertilizer, and in accordance with the terms of said contract did sell said fertilizer to various and sundry parties, and did take from said purchasers, or some of them, notes and mortgages as security for the purchase price of said fertilizers, which said notes and mortgages were payable to, and in the name of, the plaintiff.

"Plaintiff further avers that said notes and mortgages were sent to the defendant by the plaintiff under a contract and agreement, or receipt of trust, bearing date, to wit: September 1, 1920, which said receipt or contract of trust, contained the following clause, to wit:
"'Sept. 1, 1920.

"'Received of South Atlantic Guano Company, of Atlanta, Ga., pursuant to the provisions and terms of the contract heretofore made with it, and now in force, the following notes and mortgages, accounts and evidences of debt, in trust for collection for their account. It being agreed that all money, cotton, or other property, or proceeds collected on them, and all unpaid notes, will be always held subject to order of South Atlantic Guano Company, until my notes to them, herein below described, shall have been paid in full. $1,617.70 due October 1, 1920. $1,600.00 due Oct. 15, 1920. $1,600.00 due Nov. 1, 1920. J. G. Childs & Co., Agent, A. M. C.'

"Plaintiff further avers that the defendant, under said foregoing receipt or contract of trust, received various and sundry mortgages and notes for collection in trust for the plaintiff, and that the defendant collected thereon the sum of, to wit, $2,000, which he did not pay over to the plaintiff.

"Wherefore plaintiff avers that said indebtedness, which forms the basis of this suit, was created by fraud, embezzlement, misappropriation, or defalcations of the defendant while acting in a fiduciary capacity, and while fiduciary relationship existed between the plaintiff and the defendant."

"Third. Plaintiff here adopts all of replica-

tion numbered 2, except the last paragraph thereof.

"Wherefore plaintiff avers that the liability of the defendant, which forms the basis of this suit, is a liability or liabilities, arising as a result of the willful and malicious injury by the defendant to the property of the plaintiff, in the conversion, taking, or appropriating the said sum of, to wit, $2,000, which was the property of the plaintiff."

To the second replication defendant demurred as follows:

"1st. The said replication is no answer to the plea, in that it sets up no facts which in law avoid the effect of the plea.

"2d. The replication shows on its face that the obligation or liability of the defendant to the plaintiff, by reason of the collection of the items referred to, was discharged by the decree in bankruptcy.

"3d. The conclusion of the plaintiff that the indebtedness forming the basis of the suit was created by fraud, embezzlement, misappropriation, or defalcation of the defendant is not in accordance with the facts alleged.

"4th. The facts alleged in said replication fail to bring this case within the exception to section 17, subdivision 4, of the Act of Bankruptcy of 1898, in that the facts averred fail to show that the debt claimed was created by fraud, embezzlement, misappropriation, or defalcation of the defendant while acting in any fiduciary capacity."

To the third replication defendant assigned the foregoing grounds of demurrer, and these additional grounds:

"2d. The facts alleged fail to show any liability from the defendant to the plaintiff, arising as a result of the willful and malicious injury by the defendant to the property of the plaintiff.

"3d. The facts alleged show that the debt, the basis of this suit, has been discharged by the act of bankruptcy on the part of the defendant."

Demurrers to replications 2 and 3 were, by the court, sustained and nonsuit and appeal by the plaintiff followed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

Replications 2 and 3 are complete and sufficient answers to the plea of discharge. M. C. Kiser & Co. v. Gerald, 17 Ala. App. 648, 88 South. 49; Ex parte Gerald, 205 Ala. 697, 88 South. 921; Bankruptcy Act 1903, § 17; McIntyre v. Kavanaugh, 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205; In re Stenger (D. C.) 283 Fed. 419; Baker v. Bryant Fertz. Co. (C. C. A.) 271 Fed. 473; Bever v. Swecker, 138 Iowa, 721, 116 N. W. 704; Hallagan v. Dowell (Iowa) 139 N. W. 883; Heaphy v. Kerr, 190 App. Div. 810, 180 N. Y. Supp. 542; Mason v. Sault, 93 Vt. 412, 108 Atl. 267, 18 A. L. R. 1426; Williams v. V. C. Co., 182 Ala. 413, 62 South. 755; Mathieu v. Goldberg (C. C.) 156 Fed. 541.

Mulkey & Mulkey, of Geneva, for appellee.

Replication 3 fails to show willful or intentional disregard of duty on the part of defendant, or that his failure was an act against good morals. First National Bank v. Bamforth, 90 Vt. 75, 96 Atl. 600; Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754. Replication 2 does not show a fiduciary relation between the parties by reason of the transaction alleged. Butler-Kyser Co. v. Mitchell & Co., 195 Ala. 240, 70 South. 665; 2 Words and Phrases, Second Series, 528; Crawford v. Burke, 195 U. S. 177, 25 Sup. Ct. 9, 49 L. Ed. 147.

SOMERVILLE, J. In Butler-Kyser Mfg. Co. v. Mitchell, 195 Ala. 240, 70 South. 665, following Crawford v. Burke, 195 U. S. 177, 25 Sup. Ct. 9, 49 L. Ed. 147, and other federal decisions, we held that where goods were consigned by the owner to another for sale on commission, the title to remain in the consignor, and the consignee to account for the proceeds, the breach of the latter's obligation to so account was not a debt "created by his fraud, embezzlement, or misappropriation, or defalcation, while acting * * * in any fiduciary capacity," and hence was not embraced within the class of debts described in subdivision 2 of section 17 of the Bankruptcy Act of 1898 (Comp. St. § 9601), and excepted from the debts that are provable for discharge.

But the cases above referred to are readily distinguishable from the case here presented. Here there are express provisions creating a relation of trust and effecting a complete transfer of the proceeds of fertilizer sales, whether in the form of notes, mortgages, or accounts payable to the plaintiff company, which the defendant received back for collection merely as plaintiff's agent. Under such an agreement, the securities and debts, and all collections made thereon, were the property of plaintiff, morally and legally, and a conversion of them by defendant was an act of misappropriation while acting in a fiduciary capacity, under subd. 4 of section 17 of the act, and, if willful, was also within the exception of subd. 2; viz., a liability for "willful and malicious injuries to the person or property of another." Baker v. Bryant Fertilizer Co. (C. C. A.) 271 Fed. 473 (in every material detail like the present case); McIntyre v. Kavanaugh, 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205.

In our own case of Williams v. Va. Car. Chem. Co., 182 Ala. 413, 62 South. 755, which is, in its material features, indistinguishable from the present case, the same conclusion was reached and declared, and the case of Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, was clearly distinguished.

The matters set up in plaintiff's replications 2 and 3 to defendant's plea 2 were a good answer to the plea, and the demurrers to the replications were improperly sustained.

Let the judgment be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.