## In re POST.*

(District Court, N. D. New York. August 26, 1925.)

1. **Bankruptcy** ⟅⟆76(1)—**Claims of corporation's creditors against director for loss sustained by reason of his acts as director are provable claims in bankruptcy as respects right to petition as creditor (Stock Corporation Law N. Y. [Consol. Laws N. Y. c. 59] § 15).**

Claims of corporation's creditors against director under Stock Corporation Law N. Y. § 15, for loss sustained by reason of his acts as director, are contractual in nature, and provable claims in bankruptcy, as respects right to petition as creditor.

2. **Bankruptcy** ⟅⟆76(1)—**Bankruptcy proceeding against director, because of loss sustained by reason of his acts as director, is not barred because exact amount of claims is not determined (Stock Corporation Law N. Y. [Consol. Laws N. Y. c. 59] § 15).**

That exact amount of claims of corporation's creditors against director, under Stock Corporation Law N. Y. § 15, because of loss sustained by reason of his acts, have not been determined, and they have not been reduced to judgment, is not bar to bankruptcy proceeding against him, where the claims have been proved and allowed in bankruptcy proceeding against the corporation.

3. **Bankruptcy** ⟅⟆77—**Petition against director by trustees of bankrupt corporation and five intervening creditors having claims in excess of $500 held sufficient as to number of creditors and amount.**

Where trustees in bankruptcy of corporation, representing one or more creditors, filed bankruptcy against director, alleged to be liable for loss sustained by reason of his acts as director, and five creditors of corporation, having claims for which he was liable exceeding $500, the creditors were sufficient in number and amount.

4. **Bankruptcy** ⟅⟆81(1).

Petition filed in bankruptcy proceeding by intervening creditors may be taken for benefit of petitions filed by other creditors.

5. **Corporations** ⟅⟆325.

In order that claim may arise against director, under Stock Corporation Law N. Y. § 15, for loss sustained by reason of his acts as director, liabilities of corporation must exceed assets.

6. **Bankruptcy** ⟅⟆84—**Involuntary petition in bankruptcy may be amended as to nature and amounts of creditors' claims.**

Involuntary petition in bankruptcy, filed by trustee in bankruptcy of corporation against director because of his liability for loss sustained by reason of his acts as director, may be amended as to nature and amount of creditors' claims.

In Bankruptcy. In the matter of the alleged bankruptcy of Arthur W. Post. On

*Order affirmed in 12 F.(2d) 942.

bankrupt's petition to dismiss the involuntary petition. Motion to dismiss denied.

M. K. Hart and A. G. Senior, both of Utica, N. Y., and Charles E. Hardies, of Amsterdam, N. Y., for petitioner and intervening creditor Charles M. Howell.

E. D. Lee, W. F. Dowling, and Stephen Brennan, all of Utica, N. Y., for intervening creditors Oneida National Bank and A. W. Jefferis & Co.

Walter H. Wertime, of Cohoes, N. Y., for intervening creditor Walter G. MacGlashen.

Frank Kernan and Warnick Kernan, both of Utica, N. Y., for the intervening creditor Skenandoa Cotton Co.

Watson T. Dunmore, T. Harvey Ferris, and Chester R. Dewey, all of Utica, N. Y., for alleged bankrupt.

COOPER, District Judge. This is a motion to dismiss an involuntary petition in bankruptcy on the ground of insufficiency. The original petition was filed by the trustee in bankruptcy of the Lion Manufacturing Company, and five creditors of that company also filed intervening petitions.

The petitioning and intervening creditors claim that Post, while an officer and director of the Lion Company, unlawfully diverted a large amount of the assets of the Lion Company to his own use and that of others, rendering the Lion Company insolvent. These creditors of the Lion Company claim that they are also creditors of Post, the alleged bankrupt, because of section 15 of the Stock Corporation Law of the state of New York (Consol. Laws, c. 59) which renders Post liable for the loss sustained by reason of his acts as director of the Lion Company, and that Post is insolvent and has committed acts of bankruptcy. Post denies the insolvency in his answer, but admits some of the claims of the petitioning creditors as to diversion of property of the Lion Company, but claims he paid value for some or all of it. Post contends that neither the petitioning nor intervening creditors are creditors of his and have no debts provable against him.

[1] The petition shows that there is an insufficiency of assets of the Lion Manufacturing Company to pay the creditors the full amount of their claims, the allegation being that not more than 50 per cent. will be paid. Assuming such deficiency, Post will be liable to the creditors of the Lion Company for the balance of their claim, which is the "loss" sustained by said creditors under section 15 of Stock Corporation Law, if the allegation of Post's wrongful acts be true. Such claims

against directors for the loss are contractual in their nature and provable claims in bankruptcy. Brown v. Major, 164 F. 678, 90 C. C. A. 489; Selig v. Hamilton, 234 U. S. 652, 658, 34 S. Ct. 926, 58 L. Ed. 1518, Ann. Cas. 1917A, 104; Remington Auto & Motor Co. (D. C.) 119 F. 441; Penna R. R. v. Pedrick (D. C.) 222 F. 75, 79.

[2] The fact that the exact amount is not yet determined is not a bar. Grant Shoe Co. v. Laird, 212 U. S. 445, 29 S. Ct. 332, 53 L. Ed. 591; Remington on Bankruptcy, vol. 2, § 811; Williams v. U. S. Fidelity & Casualty Co., 236 U. S. 549, 556, 35 S. Ct. 289, 59 L. Ed. 713. The claims of the petitioning and intervening creditors have been proved and allowed in the Lion Manufacturing Company bankruptcy proceeding. It is not necessary that they be reduced to judgment.

[3] The creditors are sufficient in number and amount. There are five intervening creditors and the trustee, representing one or more other creditors, and the amount of their claim for which Post is liable, if liable at all, is in excess of $500.

[4, 5] The trustee's petition does not show excess of liabilities of the Lion Company over assets, which is necessary in order that claim against Post may arise; but the intervening creditors' petitions do so show, and they may be taken for the benefit of all the petitions filed by creditors. In re Bolognesi, 223 F. 771, 139 C. C. A. 351.

[6] Moreover, if necessary, the trustee's petition may be amended as to nature and amounts of the creditors' claims. Collier on Bankruptcy (11th Ed.) 462; Ryan v. Hendricks, 166 F. 94, 92 C. C. A. 78.

The motion to dismiss the involuntary petition for insufficiency must be denied, and the proceeding may proceed to trial by jury as demanded by the alleged bankrupt.