### SPEAR et al. v. GORDON et al.

(Circuit Court of Appeals, First Circuit. June 3, 1926.)

No. 1994.

**Bankruptcy** ⟐⟐76(1), 320.

Unliquidated claims arising out of contract are provable, within Bankruptcy Act (Comp. St. § 9585 et seq.), though damage claims for tort are not, and holders of such contract claims were qualified as petitioning creditors having provable claims.

Appeal from the District Court of the United States for the District of Maine; John A. Peters, Judge.

Petition by William H. Spear and others against Frank H. Gordon and others, praying that said Gordon be adjudged to be an involuntary bankrupt. From a decree dismissing the petition, petitioners appeal. Reversed and remanded.

Joseph B. Jacobs, of Boston, Mass. (Maurice E. Rosen, of Portland, Me., on the brief), for appellants.

Clinton C. Stevens, of Bangor, Me., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. The appellants, three contract creditors of the appellee Gordon, filed a petition against him, alleging, among other things, that they were creditors having provable claims amounting in the aggregate, in excess of any security or securities held by them, to the amount of $500.

They also set out in the petition the contracts made with each of them, and the sums of money paid thereunder, and alleged breaches of said contracts. They also alleged that the sums paid Gordon under the contracts were received by him fraudulently. The respondent was alleged to be insolvent, and to have committed specific acts of bankruptcy.

Answers were filed denying the allegations of the petition.

When the case was called for hearing, the District Court refused to hear evidence in support of the petition, and dismissed it on the ground that the petitioner's claims, though contractual, were not liquidated, and therefore they did not qualify as petitioning creditors having provable claims.

In thus ruling the court erred. It should have received the petitioners' evidence, and determined the questions arising on the petition. Unliquidated claims arising out of contract are provable, within the meaning of the Bankruptcy Act (Comp. St. § 9585 et seq.), although damage claims for tort are not. 1 Remington on Bankruptcy, § 257; Grant Shoe Co. v. Laird Co., 212 U. S. 445, 29 S. Ct. 332, 53 L. Ed. 591; Clarke v. Rogers, 183 F. 518, 106 C. C. A. 64; Pratt v. Auto Spring Repairer Co., 196 F. 495, 116 C. C. A. 261.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellants.