## ARMOUR PACKING COMPANY *v.* WYNN.

119   683
120   966

1. A judgment creates no lien on choses in action belonging to the defendant.
2. The lien obtained by the service of a summons of garnishment issued on an existing judgment is created by the garnishment, and not by the judgment.
3. Where a judgment was rendered in 1897, and a garnishment thereon was served in March, 1902, and on proceedings begun thereafter the judgment debtor was adjudged a bankrupt on April 3, 1902, the lien on the fund in the hands of the garnishee was "obtained through a legal proceeding instituted within four months prior to the filing of the petition for bankruptcy," and was rendered void by section 67 (f) of the bankrupt act.
4. A garnishee having notice that his creditor has been adjudicated a bankrupt and that part of the fund earned after the bankruptcy was exempt as wages, was authorized in his answer to set up the invalidity of the garnishment proceeding because of the bankruptcy, and also to show that part of the fund was exempt as wages.

Argued February 20, — Decided March 4, 1904.

Certiorari. Before Judge Lumpkin. Fulton superior court. April 28, 1903.

Wynn obtained a judgment against Haralson in 1897. On March 18, 1902, summons of garnishment was served on the Armour Packing Company. Its answer was filed April 28, 1902. Wynn traversed the answer, and the issue came on to be tried on June 30, 1902. The plaintiff offered his judgment showing that the principal, interest, and cost thereof amounted to $73.52. He also offered evidence to show that the Armour Packing Company, between March 22 and April 26, 1902, had paid Haralson $108, being his weekly salary for that period. It later appeared that $36 of this sum accrued before the bankruptcy proceedings, and $72 between the filing of the petition therefor and the time of making answer. The garnishee, over the objection of the plaintiff, offered the record to show that Haralson was adjudged a voluntary bankrupt on April 3, 1902, and, on May 24, 1902, had been discharged in bankruptcy from all debts provable on April 5 (?), 1902. The justice of the peace found in favor of the garnishee. Wynn sued out a certiorari. The judge of the superior court sustained the exceptions and directed that judgment be entered in favor of Wynn against the Armour Packing Company for $72. The Armour Packing Company excepts.

*Smith, Hammond & Smith,* for plaintiff in error.
*S. D. Johnson* and *L. R. Ray,* contra.

LAMAR, J.   (after stating the foregoing facts.)   The record merely abstracts the substance of the documents proving the adjudication and discharge in bankruptcy, and consequently the time of the filing of Haralson's petition to be adjudged a bankrupt does not appear.   He was adjudicated a bankrupt on April 3, 1902, and discharged from all debts provable on April 5, 1902. In view of the practice in cases of voluntary bankruptcy, there would be a presumption that the petition had been filed immediately before the adjudication.   Compare Collier on Bankruptcy (4th ed.), 221, 222, and Forms in Bankruptcy, No. 15.   However that may be, Wynn's petition for certiorari clearly indicates that the voluntary petition in bankruptcy was filed after the service of the summons of garnishment.   Liens which were created four months before the filing of the petition are not divested by the bankruptcy and can be enforced after the adjudication.   Metcalf *v.* Barker, 187 U. S. 165. . .  But liens obtained through legal proceedings within four months prior to the filing of the petition in bankruptcy, against one who is subsequently adjudged a bankrupt, are declared to be null and void by section 67 f of the bankrupt act.   The judgment here was not a lien on the chose in action.   Civil Code, § 5353; *Fidelity Company* v. *Exchange Bank*, 100 *Ga.* 619.   And without discussing the character of the lien created by a garnishment, or determining whether the lien on a suit at common law differs from the lien of a garnishment issued on a judgment, it is sufficient to say that the lien does not inhere in the judgment itself, but is acquired, created, or obtained by the legal proceedings instituted by virtue of the garnishment affidavit and bond.   It has been several times held, where an ordinary action is brought and a garnishment summons is served, and a judgment is obtained by the plaintiff against the defendant within four months of the filing of the petition in bankruptcy, and a like judgment is obtained thereafter against the garnishee, that the lien of the garnishment is rendered null, even though it may have provisionally attached by being served more than four months before the filing of the petition in bankruptcy.   In re Lesser, 108 Fed. 201; In re McCartney, 109 Fed. 621, 6 Am. B. R. 367. The result is not different under our statute which permits a garnishment on a judgment already rendered.   The judgment creditor has no right in or to the fund, and no lien on the money or

the chose in action.   Whatever interest he acquired here was obtained by virtue of legal proceedings instituted on March 18, 1902, within the period when, by the terms of the statute, one creditor could not secure or acquire preferences or priorities over less diligent creditors of the common debtor.

The garnishee, having notice of the adjudication in bankruptcy, not only had the right to set up his non-liability to the garnishing plaintiff, but if he had failed to make such defense, and had been subsequently sued by the trustee of Haralson, the judgment awarding the bankrupt's money in the hands of Armour Packing Company to Wynn would have afforded no defense.   *Smith* v. *Johnson,* 71 *Ga.* 748 (3); *Lamar* v. *Chisholm,* 77 *Ga.* 306; *Rutherford* v. *Fullerton,* 89 *Ga.* 352; In re Beale, 116 Fed. 530.   The garnishee was therefore performing a duty imposed by law when it pleaded the bankruptcy, not only as to the $36 in which the trustee might have been interested, but also as to the $72 earned by Haralson after the adjudication.   The lien of the judgment on tangible property was not affected by the bankruptcy.   But while Haralson's property may not have been freed from the operation of the judgment, he was no longer personally liable for the debt represented thereby.   Besides, the money represented wages. The certiorari should have been dismissed.

*Judgment reversed.*   *All the Justices concur, except Simmons, C. J., absent.*