COVINGTON *v.* ROSENBUSCH.

GILBERT, J. 1. Where an employee, in good faith and for a valuable consideration, sells, transfers, and assigns his title and right to possession of a stipulated amount of salary due him by his employer, and thereafter collects the money thus transferred, he can not, as against a suit for the recovery of the money, avail himself of a discharge in bankruptcy as a defense. The instrument of transfer is an assignment of title. *Central of Ga. Ry. Co.* v. *King*, 137 Ga. 369 (73 S. E. 632). One who thus disposes of property without the authority of its owner, under the ruling in McIntyre *v.* Kavanaugh, 242 U. S. 138 (37 Sup. Ct. 38, 61 L. ed. 205), is guilty of a wilful and malicious injury to property, within the meaning of the bankruptcy act, sec. 17 (2), as amended by the act of February 5, 1903 (32 Stat. 798, U. S. Comp. St. 1916, § 9601); and consequently his liability is not released by a discharge in bank-

ruptcy.   We have not overlooked the decisions of this court in *Blocker* v. *Boswell*, 109 *Ga.* 230 (34 S. E. 289), and in later cases where it was held that the conversion of personal property did not constitute an injury to property, within the meaning of the constitution, art. 6, sec. 7, par. 2 (Civil Code (1910), § 6524), defining the jurisdiction of justices of the peace. The decisions of the Supreme Court of the United States, on the construction of the bankruptcy act, are, however, controlling upon this court.

2. In so far as pertains to the issue made by the statement of facts in this case, the preceding headnote answers the second question in regard to the case of *Glasco* v. *Cooper*, 17 *Ga. App.* 690 (87 S. E. 1095), the facts of which are not reported therein.

No. 995.   OCTOBER 15, 1918.

The Court of Appeals certified (in Case No. 9629) the following questions, the answers to which will be found in the headnotes:

"J. O. Covington, an employee of the Western & Atlantic Railroad, signed the following paper:

'$62.00.                                  Atlanta, Ga., Nov. 25, 1915.

'For and in consideration of $56.00 dollars this day paid to me, the receipt whereof is hereby acknowledged, I hereby [sell], transfer and assign to Atlanta Finance Co. $62.00 dollars of my salary earned for the month of Nov. 1915, while in the employ of Western & Atlantic R. R., who is hereby authorized to pay the said amount to Atlanta Finance Co. In order to obtain the above amount of money to make this salary sale, I state that I am employed regularly by the firm, corporation, or party to whom this is directed, and that they are indebted to me in the above amount for salary for the month named, and there are no garnishments, attachments, or orders against my salary; and I state that this is an original transaction, is not a renewal or extension of any kind, and that I received the consideration expressed in this paper the day I signed it. I further state that this transaction is a sale, and not a loan or advance of money, and that I am not a debtor to Atlanta F. Co.; and I hereby appoint Atlanta F. Co. my attorneys in fact to endorse my check and receipt for salary assigned.

'To W. and A. R. R. Co.           [Signed] J. O. Covington.'

"After the execution of this paper Covington collected from his employer, the Western & Atlantic Railroad, the sum of money stated therein, amounting to $62; and George H. Rosenbusch, doing business as the Atlanta Finance Company, brought suit against Covington for the recovery of this money. In his petition the plaintiff alleged, that the transaction between himself and the de-

fendant was for a valuable consideration received by the defendant; that the title to the $62 and the right of possession thereof were in the plaintiff at the time the money was collected by the defendant; that in so collecting the money the defendant practiced a fraud upon the plaintiff and was guilty of fraudulent conversion of the plaintiff's property; that the defendant is in possession of $62 in lawful money of the United States, the property of the plaintiff and of the value of $62, the possession of which was illegally and fraudulently obtained, and the defendant refuses to turn over to plaintiff this sum of money belonging to plaintiff. In the defendant's answer none of these allegations of the petition was denied, but his sole defense was a special plea in bankruptcy, in which he alleged that he had been adjudged a bankrupt in the United States court for the northern district of Georgia, on June 21, 1917; that the plaintiff's claim was listed among his (the defendant's) liabilities; that the claim was dischargeable in bankruptcy; that he expected to prosecute his proceedings in bankruptcy and get his discharge thereunder; and he prayed that the action be stayed for a period of twelve months, or until his discharge in bankruptcy; and that upon his discharge the suit be abated.

"1. Under such circumstances was bankruptcy available as a defense to the plaintiff's suit?

"2. Is the decision of this court in *Glasco* v. *Cooper,* 17 *Ga. App.* 690 (2), to wit, that 'even though the defendant collected his wages after he had assigned them, and conceding that the assignment was valid, the debt arising against him as a result of his collection of the money did not fall within any of the exceptions stated in the 17th section of the bankruptcy act, it not appearing that he stood in any fiduciary relation to the plaintiff, or that he used any false pretense or representation to the plaintiff, or that he used any false pretense or representation to obtain the money,' sound in law?

*A. A. Owen, L. H. Foster,* and *T. J. Ripley,* for plaintiff in error. *R. R. Jackson,* contra.