### 13121.   WALKER BROTHERS COMPANY *v.* CAPITAL CITY GROCERY COMPANY.

1. Under the present bankruptcy act, a money judgment obtained in a trover suit, pending bankruptcy proceedings of which the creditor had notice, is dischargeable, where the plaintiff's claim was duly scheduled, and where the conversion of the personal property was merely technical, without actual fraud or malice.
2. Under the above ruling, and the facts of the instant case, the judge of the superior court erred in overruling the certiorari.

DECIDED MAY 9, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. October 11, 1921.

Capital City Grocery Company brought bail-trover in the municipal court of Atlanta against R. M. Everett, to recover six barrels of sugar. Everett gave bond, and, upon the trial of the case, the plaintiff elected to take a money verdict, and on January 14, 1921, a verdict and judgment were rendered against Everett and his surety for the sum of $402.23. He had been adjudicated a bankrupt, on December 18, 1920, and in his list of liabilities he scheduled the plaintiff's claim. The plaintiff, after obtaining judgment in the trover suit, caused summons of garnishment to be served upon Walker Brothers Company, who filed an answer admitting an indebtedness to Everett of $64.97, but pleaded his bankruptcy. The plaintiff filed a traverse to the garnishee's answer, which was heard on April 4, 1921, and judgment was rendered in favor of the plaintiff. The garnishee sued out a writ of certiorari, which was overruled, and to this judgment the garnishee excepted.

*D. K. Johnston,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BROYLES, C. J.   (After stating the foregoing facts.)

The sole question for determination by this court is whether or not the money judgment obtained in the trover action was, under the facts of the case, dischargeable in bankruptcy.   Section 17 of the bankruptcy act declares that the discharge in bankruptcy relieves the bankrupt from all of his provable debts except such as: (1) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; (2) are liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction or for criminal conversation; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."   It is contended by the defendant in error that the bankrupt's debt falls within the exception created by subdivision 2 of the act, to wit, the wilful and malicious injury to the property of another.   This contention is without merit, since it appears from the petition for certiorari and the answer thereto that the plaintiff's claim was duly scheduled as a liability of the bankrupt, and that the money judgment obtained in the trover suit was taken pending the bankruptcy proceedings of which the plaintiff had notice, and also that the conversion of the property in question was merely technical, without actual fraud or malice.   " A claim reduced to judgment after the commencement of the bankruptcy proceedings, although not scheduled, may be discharged, where the creditor had actual notice of the bankruptcy proceedings in time to file and prove his claim."   Collier on Bankruptcy (12th ed.), 426.   In the case of *Valdosta Guano Co.* v. *Green,* 149 *Ga.* 610 (101 S. E. 538), it was held that a judgment taken pending a bankruptcy proceeding of which the creditor had notice is dischargeable.   In the case of Claster · v. Soble, 22 Pa. Super. Ct. 631 (10 Am. B. R. 446), it

was held that in case a claim is reduced to judgment (as was done in the case at bar) after the bankruptcy proceedings has been commenced, and although the claim is not scheduled, yet, if the creditor has actual knowledge of the pendency of the bankruptcy proceedings in time to file and prove his claim, the bankrupt is nevertheless discharged from all liability on the judgment. In that case the court, in referring to the provisions of section 17 of the bankruptcy act, said: " It is very clear from this provision, the plaintiffs having admitted that they had knowledge of the proceedings in bankruptcy, that the defendant was discharged from all personal liability on the note upon which the judgment was entered. It follows, of course, that the judgment had no validity, and that all proceedings thereunder were absolutely void."

In Collier on Bankruptcy (12 ed.), 428, it is said: " Under the present act such liabilities [liabilities for conversion] are dischargeable where the conversion is merely technical, without actual fraud or malice." This statement is supported by numerous decisions: In Butler-Kyser Mfg. Co. v. Mitchell, 195 Ala. 240 (70 So. 665, 37 Am. B. R. 195), it was held: " A discharge in bankruptcy is a bar to an action against the bankrupt, based upon the fact that the defendants fraudulently converted to their own use a certain lot of fertilizer, or its proceeds after sale, which was consigned to the defendants to be sold on commission and accounted for by them as agents of the plaintiff; the title to the fertilizer, except after sale in due course, and thereafter to the proceeds, being specifically reserved to the plaintiff." See also, in this connection: In re Basch (D. C., N. Y.), 97 Fed. 761 (3 Am. B. R. 235) ; Burnham v. Pidcock, 33 N. Y. Misc. 65 (5 Am. B. R. 42), 66 N. Y. Supp. 806; Watertown v. Hall, 66 N. Y. App. Div. 84 (7 Am. B. R. 716, 72 N. Y. Supp. 466); Cushman v. Arkell, 65 N. Y. App. Div. 130 (72 N. Y. Supp. 555); Ulner v. Doran, 167 N. Y. App. Div. 259 (34 Am. B. R. 410, 152 N. Y. Supp. 655); Fechter v. Pastel, 114 N. Y. App. Div. 776 (17 Am. B. R. 316, 100. N. Y. Supp. 207). And on page 429 of the same work it is said: " Any claim for the conversion of personal property, possession of which was not obtained by false representation or pretenses or by actual fraud and wilful and intentional wrong, is released by the bankrupt's discharge." See, in support of this statement, the following cases: Maxwell v. Martin, 130 N. Y.

App. Div. 80 (22 Am. B. R. 93, 114 N. Y. Supp. 349), citing Crawford v. Burke, 195 U. S. 176 (12 Am. B. R. 659); In re Wenham, 153 Fed. 910 (16 Am. B. R. 690); In re Adler, 152 Fed. 422 (18 Am. B. R. 240); Lewis v. Shaw, 122 N. Y. App. Div. 89 (19 Am. B. R. 866, 106 N. Y. Supp. 1012); Sabinal Nat. Bank v. Bryant (Tex. Civ. App.), 39 Am. B. R. 304 (191 S. W. 1179).

It follows, from what has been said, that the bankrupt's debt did not fall within the exception, to wit, the wilful and malicious injury to the property of another, and the judge of the superior court erred in overruling the certiorari which complained of the judgment of the trial court which was, in effect, that the debt was not dischargeable.

*Judgment reversed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. I do not concur in the judgment of reversal in this case. I am of the opinion the judgment should be affirmed. See *Birmingham Fertilizer Co.* v. *Cox*, 10 *Ga. App.* 699 (2) (73 S. E. 1090), and cases cited.