## CITIZENS BANK v. MULLIS.

GILBERT, J. 1. "In an action of trover the issue is one of title, and not of debt. . . The sole issue in the trial of an action of trover is that of title to the property in dispute; and the fact that the plaintiff may elect to take a money verdict in lieu of the specific personalty claimed can in no event alter that issue." *Berry* v. *Jackson*, 115 *Ga.* 196, 197 (41 S. E. 698, 90 Am. St. R. 102). "That money verdict is damages in lieu of property, but the title to the property is the issue, and the measure of the damages is its value." *Campbell* v. *Trunnell*, 67 *Ga.* 518, 520; *Harden* v. *Lang*, 110 *Ga.* 392, 396 (36 S. E. 100).

2. The vendor in a conditional sale evidenced by writing is not a mere lienor. He stands in the position of an absolute owner of the property, and when such property is delivered to a trustee in bankruptcy, the latter possesses no greater interest, nor has any better title thereto, than the bankrupt had, and the rule of caveat emptor obtains in this case as in other judicial sales. *Myrick* v. *Liquid Carbonic Co.*, 137 *Ga.* 154, 156 (73 S. E. 7, 38 L. R. A. (N. S.) 554).

3. Assuming that the trover suit in this case was based upon facts which would authorize the recovery thereunder of the property, we answer that the plaintiff in such a suit can obtain a money judgment as against the vendor for the value of the property, against a plea of discharge in bankruptcy.

4. Where one executes a bill of sale of personal property to another, and thereafter, while title remains in the latter, delivers such property to a trustee in bankruptcy, under the facts set forth in the question fol-

---

Bankruptcy 7 C. J. pp. 124, n. 22; 401, n. 34; 402, n. 38.
Replevin 34 Cyc. p. 1491, n. 33.
Sales 35 Cyc. p. 652, n. 45.

lowing, the debtor can not avail himself of a discharge in bankruptcy as a defense to a suit in trover. *Covington* v. *Rosenbusch*, 148 *Ga.* 459 (97 S. E. 78); McIntyre *v.* Kavanaugh, 242 U. S. 138 (37 Sup. Ct. 38, 61 L. ed. 205). *Atkinson, J., dissents. The other Justices concur.*

No. 4847.    DECEMBER 15, 1925.

The Court of Appeals (in Case No. 15851) certified the following question: "Can a creditor holding a bill of sale to secure a debt maintain a bail-trover suit and obtain a money judgment against the vendor as against a plea of discharge in bankruptcy, where the debtor, after being adjudged a voluntary bankrupt, has scheduled the debt secured by the bill of sale, and, without occupying any fiduciary relation to the creditor and in the absence of any fraud or malice, other than might be legally implied from the facts stated herein, has delivered the property over to the trustee in bankruptcy, who has administered the same, and where the debtor has been discharged from all provable debts, after the creditor as such has received from the bankrupt court all due and proper notices of the progress of the administration, but has done no act which would estop him from asserting his title?"

*Lawson & Ware,* for plaintiff.    *C. A. Weddington,* for defendant.

ATKINSON, J., dissenting. As originally enacted, § 17 of the bankruptcy act provided: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as . . (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; . . . (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." This was amended by act of February 5, 1903, so as to read: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as . . (2) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation; . . or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." Applying this law to the facts stated in the question propounded by the Court of Appeals, the debtor's discharge in bankruptcy would pre-

vent any money judgment against him in the bail-trover action. The bill of sale was a mere security for debt, which debt was dischargeable in bankruptcy. It was the duty of the bankrupt to deliver possession of the property described in the bill of sale to the trustee in bankruptcy, in whom the debtor's equity of redemption vested by operation of law. The delivery of the property and discharge in bankruptcy did not affect the security of the holder of the bill of sale. The rights of the holder of the bill of sale could be asserted in the court of bankruptcy or in the hands of purchasers at sales made in the court of bankruptcy. But the fact that the debtor delivered the property to the trustee in bankruptcy as it was his duty to do did not amount to a fraud or to a willful trespass, or the like, which would bring the transaction within the exceptions stated in § 17 of the bankruptcy act as amended. On the facts stated in the question propounded by the Court of Appeals, when the plaintiff elected to take a money verdict, as he was authorized by the statutes of this State to do (Civil Code, § 5930; Acts 1860, p. 43), the obligation of the debtor to pay such money demand would fall within the general provisions of the bankruptcy act above mentioned, and not within any of the exceptions. To hold otherwise would deny full effect to the clear meaning and intention of the bankruptcy act and put the statute of the State above the Federal statute. It is apparent that the case is different on its facts from those involved in McIntyre v. Kavanaugh, 242 U. S. 138 (supra). The facts in that case are sufficiently indicated by the statement in the syllabus which follows: "One who, being entrusted with the possession of corporate stocks as security for an indebtedness, deliberately sells them and appropriates the proceeds, in excess of the debt secured, without the knowledge or consent of their owner, is guilty of a 'willful and malicious' injury to property within the meaning of § 17, clause 2, of the bankruptcy act, as amended by the act of February 5, 1903, 32 Stat. 798, and, consequently, his liability is not released by a discharge in bankruptcy." If what is stated above conflicts in any way with Berry v. Jackson, 115 Ga. 196 (supra), in which the defendant was in possession of the property at the time the suit was brought, the ruling in that case, not being by an entire bench of six Justices, is not binding as a precedent and should not be followed.