NASH LOAN COMPANY *et al. v.* YONGE.

No. 11020.   July 3, 1936.

*Hester & Clark,* for plaintiff in error.

*Edward J. Goodwin* and *W. G. Warnell,* contra.

BECK, Presiding Justice. Phillip R. Yonge filed a petition for injunction and other relief, alleging that on April 26, 1932, he filed a voluntary petition in bankruptcy; the petition was dismissed and thereafter reinstated on January 23, 1933. Among the listed creditors was Nash Loan Company, its debt being secured by a bill of sale to certain household furniture. On January 18, 1933, five days before the petition in bankruptcy was reinstated, Nash Loan Company filed a bail and trover proceeding against Yonge in the municipal court of Savannah. Notices of Yonge's bankruptcy proceedings were mailed to his creditors, including Nash Loan Company. Yonge procured his discharge in bankruptcy on March 28, 1933. On February 13, 1933, Nash Loan Company, in the trover suit in the municipal court, obtained a judgment by default, and elected to take a money judgment for the amount of the debt, $300. The furniture was levied on, and the proceeds of the sale under the execution were applied to the debt. It is alleged that Nash Loan Company sued out a garnishment and served it on the railroad company for which Yonge worked, and threatened to sue out other garnishment proceedings. He prayed for injunction to restrain Nash Loan Company from further proceeding by garnishment; that the judgment in the municipal court be set aside; that the debt be decreed to be one provable and dischargeable in bankruptcy; and that his plea of discharge as to the debt in question be sustained. Nash Loan Company demurred on the grounds that the petition failed to set forth a cause of action, and that the plaintiff had an adequate remedy at law. The judge overruled the demurrer and granted an interlocutory injunction. The defendant excepted to the overruling of its demurrer.

The court erred in overruling the general demurrer to the petition. "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law." Code, § 37-120. This accepted principle disposes of the suit at bar, where an injunction is sought to prevent threatened garnishment proceedings. In a similar case this court, in *Teft* v. *Booth,* 104

*Ga.* 590 (30 S. E. 803), stated the rule to be: "The writ of injunction does not lie at the instance of the defendant to a case upon which garnishment proceedings have been based, to restrain the prosecution of such proceedings, when the petition for injunction discloses no reason why such defendant can not fully protect himself in the court where the garnishment case is pending." In that case the petitioner alleged that he was an employee against whom process of garnishment had been instituted by the defendant, and that the wages which had been garnished were exempt. Justice Fish said: "Taking these allegations to be true, there is no necessity whatever for equity to enjoin, in his behalf, the proceedings in the justice's court; for he has an adequate and complete remedy at law, of which he can avail himself in the justice's court. Even if judgment should be rendered against the garnishees, compelling them to pay the money which they owe to him into court, he would not be concluded by it, for he is not party to the garnishment proceedings. Notwithstanding the judgment against the garnishees, he could contend for the money when it was paid into court, and if he succeeded in showing that it was exempt from garnishment, the court would order it to be turned over to him. *Smith* v. *Johnston,* 71 *Ga.* 748; *Banks* v. *Hunt,* 70 *Ga.* 741. If his wages are exempt, the garnishees may protect him by setting up this fact in their answer; and if they fail to do so, he can protect himself by claiming the money as being exempt, after it is paid into court." Other decisions might be cited, holding that injunction will not be granted to restrain the institution of a suit to which the party seeking the injunction may have a defense available to him on the trial of the case. In a case analogous to that at bar, the plaintiff alleging that summons of garnishment had been sued out and that his employer for whom he had worked for many years threatened to discharge him on account of the garnishment proceedings, that additional garnishments were threatened, and that there was "no legal right to a judgment against him," this court affirmed the refusal of an injunction, saying: "The grounds alleged do not afford equitable jurisdiction to enjoin legal proceedings." *Straub* v. *First Mutual Building & Loan Association,* 178 *Ga.* 672 (173 S. E. 714). See also *American Security Co.* v. *Sealey,* 173 *Ga.* 754 (161 S. E. 253), and cit.

Moreover, it has been held in this State that "A verdict and judgment for the plaintiff in an action of trover, although rendered for a sum of money and not for the property in controversy, constitutes an adjudication of the plaintiff's title to the property; and the debt thus created against the defendant is not dischargeable in bankruptcy." *Barnes* v. *Moseley,* 41 *Ga. App.* 713 (154 S. E. 388). See *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44). In *Garner* v. *Hartsfield Loan & Savings Co.,* 49 *Ga. App.* 199 (174 S. E. 647), it was said: "Where a discharge in bankruptcy is granted pending a suit commenced in a State court, and the State court, subsequently to the discharge, renders a judgment against the bankrupt, and execution thereon is levied on certain property of the bankrupt, the property, although acquired after his discharge in bankruptcy, is subject to the execution, where the defendant (the bankrupt) in the suit in the State court failed to file a plea setting up his discharge in bankruptcy. In order for the bankrupt 'to avail himself of his discharge, he should have pleaded it in the pending suit. Failing to plead it, the subsequent judgment is not affected by such discharge, and is an enforceable lien against any property of the defendant. *Finney* v. *Mayer,* 61 *Ga.* 500.' *Crawford* v. *Bostwick-Goodell Co.,* 141 *Ga.* 356 (80 S. E. 105)." The debtor (defendant in error) had the right to plead his bankruptcy proceedings as against the debt which the loan company was prosecuting to judgment. The court erred in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*