28599. HOBBS *v.* FRANKLIN JEWELRY COMPANY.

DECIDED FEBRUARY 20, 1941. REHEARING DENIED APRIL 4, 1941.

*Hugh B. Cobb, Thomas G. Lewis, R. L. Evans,* for plaintiff in error.

*Ellis McClelland,* contra.

BROYLES, C. J. On September 21, 1939, "Franklin Jewelry Company Inc., trading as Schneers" (hereinafter referred to as plaintiff) instituted a trover action in the civil court of Fulton County against William R. Hobbs (hereinafter called defendant) for the conversion of two gold rings and a gold watch of the alleged value of $102.25. The defendant pleaded that, on March 24, 1939, he filed his voluntary petition in bankruptcy in the United States district court for the northern district of Georgia and was adjudicated a bankrupt on the following day; that the claim upon

which the trover suit was based was duly scheduled in the bankruptcy court and the plaintiff had been notified of that fact; and that the claim represented by the trover suit was dischargeable in bankruptcy. In conclusion, the plea asked for a stay of the trover action until the termination of the bankruptcy proceedings. Subsequently the defendant further pleaded that on January 19, 1938, the jewelry described in the trover suit was, without any fault of his, totally destroyed by fire; that defendant notified plaintiff of that fact before the trover action was instituted and "plaintiff knew that defendant could not produce the property before said trover was filed;" and that "defendant has received a discharge in bankruptcy relieving him of any liability as to a money judgment in the above case." This amendment concluded with a prayer that "his plea in bankruptcy as amended be sustained and that he be discharged with costs against the plaintiff." The plaintiff asked for a money judgment and, after the introduction of evidence, Judge Hathcock, without the intervention of a jury, rendered a judgment for plaintiff in the sum of $102.25. The defendant excepted to this judgment and made an oral motion for new trial wherein he "assigned error upon said judgment as being contrary to law and contrary to the evidence and against the weight of the evidence." The trial judge overruled the motion; the appellate division of the court affirmed that judgment; and exception was taken to this last judgment "for the reason that under the uncontradicted evidence adduced at the trial the debt upon which the suit was based was discharged by defendant's discharge in bankruptcy."

In his appeal the "defendant . . admitted a prima facie case in . . plaintiff except for defendant's defense as plead," and the controlling question here is whether the plaintiff's cause of action was dischargeable in bankruptcy. The defendant substantially testified that "some little time after the jewelry was purchased," he and his wife left for a trip to Florida and rented a furnished cabin fifteen miles out in the country from Tampa; that on January 18, 1939, they went ten or fifteen miles from the cabin to hunt squirrels; that when they returned to the cabin they found it had been burned to the ground and everything they possessed, "including the . . jewelry mentioned in the trover suit," destroyed; and that "he wrote appellee right after the fire that . . the jewelry was burned." Defendant's discharge in bankruptcy was then intro-

duced in evidence. Plaintiff then swore its assistant credit man, a Mr. Parks, who testified that "to the best of his knowledge . . his company did not receive any letter from appellant." The defendant further testified as follows: "There was an oil cooking stove in the building and it was burning when I left the room to get ready to go hunting. My wife was in the room and I suppose she turned it out, but I do not know. There was some charcoal stacked under the room by the people who lived in the nearby cabin. There were bootleggers in the community. After the fire I did not see any of the jewelry in the ashes. I didn't think there was any use looking for it. When I came back to Atlanta I didn't think it necessary to go to see plaintiffs. I stayed here about three months prior to my bankruptcy, and did not go to see them."

Our view is that the following ruling in *Hammond* v. *King,* 53 *Ga. App.* 877 (187 S. E. 413), and the authorities there cited, control the instant case contrary to the contentions of plaintiff in error: "1. A judgment for the plaintiff in an action for trover, although it is a money judgment and not a judgment for the property, is not dischargeable in bankruptcy. *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. R. 102) ; *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44) ; *Lester* v. *Southern Security Co.,* 168 *Ga.* 307 (147 S. E. 529) ; *Van Pelt* v. *Family Loan Society,* 179 *Ga.* 787 (177 S. E. 595) ; *Barnes* v. *Moseley,* 41 *Ga. App.* 713 (154 S. E. 388). The judgment is not a liability which, as provided in section 17 of the bankruptcy act, is dischargeable in bankruptcy. See *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (97 S. E. 78) ; Swift *v.* Bullard, 3 Fed. 2d, 814 (3). It is therefore no defense to the enforcement of a money judgment in an action of trover against the defendant, that the conversion was a 'merely technical' conversion. Anything to the contrary in *Walker Brothers Co.* v. *Capital City Grocery Co.,* 28 *Ga. App.* 531 (112 S. E. 157), is superseded by the authority of the Supreme Court in the cases above cited. This is not in conflict with Davis *v.* Ætna Acceptance Co., 293 U. S. 328 (55 Sup. Ct. 151, 79 L. ed. 393), in view of the peculiar facts of that case."

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*