### 36463. RICH'S, INCORPORATED v. MONTAGUE.

CARLISLE, J. 1. "Our view is that the following ruling in *Hammond* v. *King,* 53 *Ga. App.* 877 (187 S. E. 413), and the authorities there cited, control the instant case contrary to the contentions of plaintiff in error: '1. A judgment for the plaintiff in an action for trover, although it is a money judgment and not a judgment for the property, is not dischargeable in bankruptcy. *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. R. 102) ; *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44) ; *Lester* v. *Southern Security Co.,* 168 *Ga.* 307 (147 S. E. 529) ; *Van Pelt* v. *Family Loan Society,* 179 *Ga.* 787 (177 S. E. 595) ; *Barnes* v. *Moseley,* 41 *Ga. App.* 713 (154 S. E. 388). The judgment is not a liability which, as provided in section 17 of the bankruptcy act [11 U. S. C. A., § 35], is dischargeable in bankruptcy. See *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (97 S. E. 78) ; Swift *v.* Bullard, 3 Fed. 2d 814 (3). It is therefore no defense to the enforcement of a money judgment in an action of trover against the defendant, that the conversion was a "merely technical" conversion. Anything to the contrary in *Walker Brothers Co.* v. *Capital City Grocery Co.,* 28 *Ga. App.* 531 (112 S. E. 157), is superseded by the authority of the Supreme Court in the cases above cited. This is not in conflict with Davis *v.* Aetna Acceptance Co., 293 U. S. 328 (55 Sup. Ct. 151, 79 L. ed. 393), in view of the peculiar facts of that case.' " *Hobbs* v. *Franklin Jewelry Co.,* 64 *Ga. App.* 776, 778 (14 S. E. 2d 136).

2. As this court is bound by the decisions of our Supreme Court, and the facts of the instant case are for all practical purposes almost identical with those of *Citizens Bank* v. *Mullis,* supra, we are compelled to hold that the trial court erred in overruling the plaintiff's demurrers to the defendant's answer and plea of discharge, and in entering judgment for the defendant.

3. The requests of the defendant in error that the *Hobbs* case, supra, and the *Hammond* case, supra, be overruled, or, in lieu of that, that the case be certified to the Supreme Court to determine whether the decision reached in the *Berry* case, supra, should be reversed are denied.

*Judgment reversed. Gardner, P, J., and Townsend, J., concur.*

DECIDED FEBRUARY 14, 1957.

*Eugene Cline,* for plaintiff in error.

*MacDougald, Feagin & Williams, John E. Feagin,* contra.

On March 2, 1955, Rich's, Inc., brought an action of trover in the Civil Court of Fulton County against Mrs. L. L. Montague to recover certain described personalty, valued at $830.30, and sold to the defendant by the plaintiff under a title-retention contract dated February 21, 1953, providing for 11 monthly payments of $70.85 each and a final payment of $70.93. Hire in the sum of $58.12 and interest at seven percent from the date of conversion is prayed.

In her answer, filed on April 4, 1955, the defendant denied liability and alleged substantially the following facts. (2) On November 28, 1953, the defendant filed her voluntary petition in bankruptcy in the District Court of the United States for the Northern District of Georgia, and the defendant was duly adjudicated a bankrupt by that court on November 28, 1953. (3) A named trustee was thereafter duly appointed by the court to take charge of the defendant's assets and did take charge of the assets, including each and every item claimed in the plaintiff's petition. (4) The defendant now has an application for discharge pending before that court, and the plaintiff in this case was given notice, as a creditor, of the bankruptcy proceedings. (5) The defendant disclaims any interest whatsoever in the items claimed and herewith renders and relinquishes all right and title or interest that she may have in such articles to the plaintiff. She further alleges that the amount which she has already paid to the plaintiff on the items claimed constitutes more than reasonable hire for the articles, and that the plaintiff may retain that amount as reasonable hire. (6) The articles claimed are still in the Georgian Terrace Hotel, where they were installed by the plaintiff and the plaintiff is welcome to have them if proper arrangements can be made with the trustee in bankruptcy. (7) The articles were released by the defendant to the trustee in bankruptcy under court order, and no demand has been made upon her by the plaintiff for such articles, and the defendant, therefore, cannot be guilty of a conversion as alleged in the plaintiff's petition.

The plaintiff demurred specially to the defendant's answer upon several grounds. The trial court overruled the demurrers and error is assigned here upon that judgment.

On February 13, 1956, the defendant filed a plea of discharge in which she alleged that the plaintiff was, on July 25, 1955, granted her discharge in bankruptcy by the United States District Court for the Northern District of Georgia, and she was thereby discharged from all liability on the indebtedness sued for in the petition in this case, as that indebtedness was duly listed in the bankruptcy proceedings and the plaintiff was duly served. This discharge constitutes a permanent bar to further proceedings in this action, and the defendant prays that these proceedings be permanently stayed.

The plaintiff demurred generally to the plea of discharge upon the ground that it set forth no defense to its action in trover, an action for conversion, as conversion falls within the exception of Section 17 of the Bankruptcy Act and is not dischargeable. This demurrer was overruled and error is assigned here upon that judgment.

The case was tried before a judge of the court without the intervention of a jury upon an agreed statement of facts, which are substantially as follows: On February 21, 1953, the plaintiff sold to the defendant the merchandise claimed in the plaintiff's petition. The merchandise was delivered to the Georgian Terrace Hotel, as requested by the defendant. The defendant immediately defaulted, making no payments on the contract during 1953. On November 28, 1953, the defendant filed her voluntary petition in bankruptcy and was adjudicated a bankrupt. The defendant, in her bankruptcy schedule, listed the plaintiff as an unsecured creditor. The defendant allowed her trustee in bankruptcy to take possession of the property and to bargain for its sale for the benefit of her creditors. The sale of the merchandise claimed by the plaintiff was confirmed by order of the referee on December 22, 1953. The plaintiff did not appear and did not participate in the bankruptcy proceedings. The plaintiff demanded the return of the property from the defendant on August 14, 1954. This demand was refused for the reason that the property was in the hands of the trustee in bankruptcy. The defendant was

granted a discharge by the referee in bankruptcy on July 25, 1955. The plaintiff elects a money judgment.

Upon the trial, the judge found in favor of the defendant and entered judgment for costs against the plaintiff, on which judgment the plaintiff assigns error here.