37126.   CRYSTAL LAUNDRY & CLEANERS, INC. *v.*
CONTINENTAL FINANCE & LOAN COMPANY.

DECIDED MAY 29, 1958—REHEARING DENIED JULY 8, 1958.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Thomas C. Shelton, James R. McLain, Jr., James A. Bagwell, for plaintiff in error.

Joel J. Fryer, contra.

Moise, Post & Gardner, J. William Gibson, for parties at interest not parties to record.

FELTON, Chief Judge. ■ It was not error for the court to subject to the finance company's lien so much of the debtor's earnings in the hands of the garnishee as were earned prior to the debtor's adjudication as a bankrupt. A lien obtained within four months of adjudication of bankruptcy is voidable only at the instance of a trustee in bankruptcy. Since the debtor could under no circumstances be entitled to such funds if not claimed as an exemption, it is no concern of his or the garnishee's whether it be applied to the lien here asserted or be recovered by the trustee for the benefit of all creditors. Morris Plan Bank of Ga. v. Simmons, 201 Ga. 157 (39 S. E. 2d 166) and cases cited; McLean v. G. T. Duke Co., 95 Ga. App. 135 (97 S. E. 2d 537).

■ If the wages earned by the debtor subsequently to his adjudication as a bankrupt were discharged by bankruptcy and the debtor had not waived the discharge it was the duty of the

garnishee to set up in its answer the proposition that the wages earned after adjudication were not subject to the finance company's lien. *Armour Packing Co.* v. *Wynn,* 119 *Ga.* 683 (46 S. E. 865). The answer to this question rests upon whether a money judgment in a trover action is dischargeable by bankruptcy where the discharge is not waived by the bankrupt. When we use the term "money judgment" in the present context we mean a personal general judgment. The question of the force of a judgment of any kind as it relates to particular encumbered property is not here contemplated. Every case in this State has held that a money judgment in a trover action is not dischargeable except one, *Walker Bros. Co.* v. *Capital City Grocery Co.,* 28 *Ga. App.* 531 (112 S. E. 157), which was disapproved in several cases from this court to be cited later. The Federal law on this question governs, and the Supreme Court in our opinion has settled the question in Davis *v.* Aetna Acceptance Co., 293 U.S. 328-335 (55 Sup. Ct. 151, 79 L. ed. 393) and this case takes precedence of all cases in Georgia decided by the Supreme Court of Georgia and by this court prior to its date. We are faced, however, with several cases from this court which hold that the Davis case is on its peculiar facts not inconsistent with the rulings of the courts of this State above referred to. In the Davis case the debtor was an automobile dealer. He obtained loans from the creditor to finance his operations. Among the various transactions he borrowed $1,181.87 on July 10, 1929, procuring title thereby to an Auburn sedan. This amount represented 90 percent of the cost of the car. Upon receipt of the car he executed and delivered to his creditor four instruments: a promissory note for the amount stated due in sixty days; a mortgage covering the car and securing the payment of the note; a trust receipt, agreeing to hold the car in trust and not to dispose of it without the creditor's written consent; and finally, a bill of sale, absolute in form. On August 3, 1929, the automobile, then on exhibit in the debtor's show room, was sold by one of his salesmen in good faith and without concealment but without the creditor's written consent. The debtor promised to make prompt remittance but instead filed a petition in bankruptcy on September 13, 1929, obtaining his discharge after duly listing the

creditor in his schedule, of creditors. The creditor then instituted its action in trover. The trial judge overruled the special plea of discharge by bankruptcy and rendered judgment against the debtor for damages and costs and the Illinois Appellate Court affirmed. The United States Supreme Court reversed the judgment holding: (1) that the debt was a provable debt; that the liability back of the debt was not within any of the excepted classes (Bankruptcy Act, § 17, U.S.C., title 11, particularly § 17 (2-4)) ; that the liability was not for wilful and malicious injuries to the person or property of another, and that the liability was not created by the debtor's fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. In *Citizens Bank* v. *Mullis*, 161 *Ga.* 371 (131 S. E. 44), decided before the Davis case, Mr. Justice Atkinson dissented. Mr. Remington in his work on Bankruptcy gave as his opinion that Mr. Justice Atkinson was right and that the decision was wrong. Remington on Bankruptcy, Vol. 7, p. 816, note 79. The dissent in the *Mullis* case called attention to the fact that the Supreme Court decision cited in support of the ruling involved a case where the debtor deliberately appropriated to his own use collateral in excess of the debt it was deposited with him to secure. Some of the Supreme Court of Georgia cases are based on the fact that the bankrupt waived his rights by failing to plead bankruptcy in the action against him when he had an opportunity to do so. There is nothing sacred about a trover action. Title or right of possession is involved, it is true, but the gist of the action is conversion, in a security transaction as well as any other. It will be remembered that in a security transaction the amount of a money judgment cannot exceed the balance on the debt. The purpose of the Bankruptcy Act is to relieve a debtor of all provable and listed in personam obligations and it makes no difference whether such obligations arise from an open account or from a money judgment in trover or conversion. When a creditor waives his claim to specific property or claims it in addition to a personal judgment he is charged with notice that he may be met with a discharge in bankruptcy against the enforcement of the in personam judgment divorced from a claim against the specific property involved. The trial judge in this

case followed the only course he could pursue, namely that of following the decisions of this court holding that the Davis case is not controlling. Those cases are: *Hammond* v. *King*, 53 *Ga. App.* 877 (187 S. E. 413), *Hobbs* v. *Franklin Jewelry Co.*, 64 *Ga. App.* 776 (14 S. E. 2d 136), and *Rich's, Inc.* v. *Montague*, 95 *Ga. App.* 132 (97 S. E. 2d 188). We think that the rulings in these cases are contrary to the letter and spirit of the bankruptcy law as announced and applied in the Davis case and upon due notice to the parties in this case they are hereby expressly overruled in so far as contrary to what is here held. See also Collier on Bankruptcy (14th ed.) Vol. 1, § 1709 at page 1588.

The third headnote requires no discussion.

The court did not err in ordering the sums earned before bankruptcy paid over, but erred in subjecting the sums earned by the debtor after his adjudication as a bankrupt.

*Judgment affirmed in part and reversed in part. Gardner, P. J., Townsend, Carlisle, Quillian and Nichols, JJ., concur.*

ON MOTION FOR REHEARING.

The movants cite *Nash Loan Co.* v. *Yonge*, 182 *Ga.* 672 (186 S. E. 811) as being contrary to our ruling. The Supreme Court did not rule in that case that Davis *v.* Aetna Acceptance Co., 293 U.S. 328, supra, was not controlling. The court further held that the demurrer to the petition should have been sustained because the bankrupt failed to plead his discharge in the suit pending against him.

The contention that our ruling takes away from the movant the special lien of his money judgment is obviously without merit because our decision specifically states that a money judgment in trover is dischargeable insofar as it has no application to the specific property upon which the lien of the judgment may attach. A brief for parties at interest not parties to the record very strongly urges that the ruling by the Supreme Court of the United States in the Davis case, supra, is not controlling for the reason that the action in trover in Illinois, which was involved in the Davis case, is different from a trover action in Georgia. We face this issue squarely, as there is a difference between an Illinois trover action and a Georgia trover action. However, to our minds there is no difference in principle in the

application of the bankruptcy law to both classes of cases. In Illinois a trover action is designed to afford a money judgment for the conversion of goods which cannot be recovered. In Georgia trover is a combination of trover, detinue and replevin. The provision in the Georgia law for the election of a money judgment, in so far as it does not affect the property itself, is the equivalent of permitting the plaintiff to elect to have his action proceed as a common-law trover action. The purpose and philosophy of the bankruptcy act is to provide for the discharge of all provable debts not coming within the exceptions stated in the law. The debt in this case was without question a provable one, a note and bill of sale. The judgment against the bankrupt over and beyond the right to subject the property is so clearly within the purview of the bankruptcy act, unless it comes within an exception, that it is indeed puzzling how the Georgia courts got completely out of step. The best answer we can give is that the decision in *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. R. 102) has not been correctly interpreted. In our opinion that decision is based on two propositions, (1) there was no security transaction involved, and (2) there was no showing that the bankruptcy proceedings were ever brought to the notice of the plaintiff. So far as the record in that case showed, the defendant might have had possession of the horse at the time of the trial of the case. If the above case had involved an action in trover based on a bill of sale to secure debt we doubt whether Georgia decisions would ever have varied from the prevailing thought on the subject. It certainly does not appear that the obligation sought to be discharged existed at the time of the adjudication. In the instant case it did exist at such time.

*Rehearing denied.*