45119. JACKSON v. GENERAL MOTORS ACCEPTANCE CORPORATION.

ARGUED MARCH 4, 1970—DECIDED APRIL 7, 1970.

*Jack K. Bohler,* for appellant.

*Wilkinson & Nance, A. Mims Wilkinson, Jr.,* for appellee.

HALL, Presiding Judge. The Georgia cases dealing with secured creditors vis-à-vis the debtor's bankruptcy are a curious blend of limited factual situations and sweeping, general holdings. The granddaddy case is *Berry v. Jackson,* 115 Ga. 196 (41 SE 698, 90 ASR 102), which for years has been read to hold that

a discharge in bankruptcy is *never* a defense to a trover action since the issue in trover is title and not debt. See *Birmingham Fertilizer Co. v. Cox & Son,* 10 Ga. App. 699 (73 SE 1090). Cf. *Crystal Laundry &c. v. Continental Loan &c. Co.,* 97 Ga. App. 823, 826 (104 SE2d 654), reversed on a procedural ground in 214 Ga. 528 (105 SE2d 727). While it is perfectly true that bankruptcy does not effect a change in the title to property (*Berry,* supra), title litigation is not the gist of a post-bankruptcy trover action when the property has disappeared *prior* to the bankruptcy and the defendant makes no claim to title. The gist is conversion (whether technical or real) and the issue upon a plea of discharge is whether the tort liability was dischargeable. "The material questions on dischargeability are, first, is the obligation provable, and second, is it excepted from discharge under § 17 of the Bankruptcy Act." 9 AmJur2d 564, Bankruptcy, § 756. An exception under § 17a (2) is "wilful and malicious injuries." The "discharge will prevail as against a showing of conversion without aggravated features." Davis v. Aetna Acceptance Co., 293 U. S. 328, 333 (55 SC 151, 79 LE 393). "It was an honest debtor and not a malicious wrongdoer that was to be discharged." Tinker v. Colwell, 193 U. S. 473, 488 (24 SC 505, 48 LE 754).

The plaintiff here has substantially alleged that defendant's conduct falls within this exception. However, in our opinion the plaintiff is estopped from making this showing by the judgment of the United States district court affirming the specific factual findings of the bankruptcy court concerning defendant's intent when he made the transfer—findings which are inconsistent with wilful and malicious intent. The plaintiff could have litigated this issue either in the bankruptcy proceeding or in a subsequent trover suit in the State court. It chose the former and is bound thereby.

The trial court erred in granting plaintiff's motion for summary judgment as to liability and in denying defendant's motion for summary judgment.

*Judgment reversed. Deen and Evans, JJ., concur.*