## 54575. PLOTT v. JORDAN et al.

BELL, Chief Judge.

This is a garnishment case in which the plaintiff sought to enforce a prior judgment obtained from defendant. The garnishee answered indebted but did not pay that amount into court because it alleged in the answer that defendant was not entitled to the process of garnishment for the reason that the title to the judgment on which this garnishment was based had been transferred to the trustee in bankruptcy as the result of the plaintiff having voluntarily filed a petition for bankruptcy. The plaintiff traversed the answer alleging that the title to the judgment did not vest in the trustee.

Trial was held and the court found that the title to and the right to collect under the judgment vested in the trustee in bankruptcy and denied the traverse to the answer. *Held:*

The plaintiff asserts only on appeal the issue of whether garnishee can in its answer place into question the ownership of the judgment. He argues that the garnishee has no standing to raise this issue; that the garnishee may only answer whether it is indebted or not to defendant. We affirm. A garnishee who has notice that he is not liable to garnishing plaintiff because of the lack of ownership of the judgment in favor of plaintiff has the right to set up his non-liability in his answer. *Armour Packing Co. v. Wynn,* 119 Ga. 683 (46 SE 865). The trial court did not err in denying the traverse to the answer of the garnishee.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted October 3, 1977 — Decided November 14, 1977.

*Kirby G. Bailey,* for appellant.
*Gilbert & Blum, Fred A. Gilbert,* for appellees.