**In re VETERANS CHOICE MORTGAGE, Debtor.**

**Edward J. Coleman, III, Chapter 7 Trustee, Movant,**

v.

**J & B Enterprises, Inc., Respondent.**

**No. 01–12878.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

March 14, 2003.

James C. Overstreet, Jr., Klosinski & Associates, Augusta, GA, for creditor.

Edward J. Coleman, Augusta, GA, trustee.

## *ORDER*

JOHN S. DALIS, Chief Judge.

The Trustee objects to the claim of J & B Enterprises, Inc (herein "J & B") filed in this case. Under Title 11 U.S.Code, the Bankruptcy Code, the property rights and priorities of secured creditors outside of bankruptcy are preserved. To the extent J & B is a pre-transfer creditor, it's pre-petition lien will attach to any property recoverable by the trustee as an 11 U.S.C. § 548 fraudulent conveyance, and under those circumstances it's claim is superior to that of the trustee. To the extent J & B is a post-transfer creditor it's pre-petition lien will attach to any property recoverable by the trustee as a fraudulent conveyance under a theory of actual fraud, and it's claim is superior to that of the trustee. However, because J & B has no independent nonbankruptcy cause of action for a preferential transfer, property recoverable by the trustee as an 11 U.S.C. § 547 preference will be preserved for the

benefit of the estate and J & B's lien does not attach.

The facts are as follows. J & B obtained a judgment in the Superior Court of Richmond County, Georgia, Case Number 1999–RCCV–838, on May 14, 2001, and the same was filed with the Clerk of Court on May 15, 2001. A Writ of Fieri Facias was issued in the Superior Court of Richmond County, Georgia, on May 17, 2001 and recorded on the Richmond County General Execution Docket in Book 13, page 8967, on May 18, 2001 and also recorded in Columbia County, Georgia in GED No. 60, page 389, on May 21, 2001. Veterans Choice Mortgage, Inc. (herein "debtor") filed this bankruptcy case on September 6, 2001. J & B filed a timely proof of claim for $105,765.27, which claimed secured status based on the fi. fa.[1]

There is presently pending before this Court an adversary proceeding brought by the Trustee (Adversary Proceeding # 02–01028), alleging both preferential transfer and fraudulent transfer of assets. J & B claims an interest superior to the Trustee in any recovery in the mentioned adversary proceeding.

The Trustee has no objection to J & B's claim, however, he argues that since there is no property securing the claim at this time, the claim should be treated as unsecured. J & B argues that the Trustees' motion to change the status of the proof of claim is at this time premature because of the pending adversary proceeding. J & B

contends that if the Trustee is successful in prosecuting the adversary complaint, property will be brought back into the bankruptcy estate to which the judgment lien of J & B has attached. J & B further argues that it's claim is superior to that of the Trustee because it is prior in time to the bankruptcy filing.

The issue before me is whether the proof of claim of J & B should be allowed as secured or unsecured. To make this determination, I must determine whether J & B's judgment lien attaches to property recovered by the Trustee under a § 548 theory and to property recovered by the Trustee based on a § 547 cause of action.

 After the bankruptcy filing the trustee is empowered with the right to bring an action to recover property fraudulently transferred. 11 U.S.C. § 548 and § 550. Under 11 U.S.C. § 548 the trustee is the only party allowed to bring a fraudulent transfer action and anything recoverable is to be preserved for the benefit of the estate. *See* 11 U.S.C. § 548; 11 U.S.C. § 550. However, if there is no equity for the estate in the transferred property, the trustee will usually abandon the property pursuant to § 544(a). *Pearson Industries, Inc. v. McCord Auto Supply, Inc. (In re Pearson)*, 178 B.R. 753 (Bankr.C.D.Ill. 1995).[2] Furthermore, if the trustee pursues an action to recover property fraudulently conveyed, then any property recoverable by the trustee that is subject to a lien continues to be subject to the lien after recovery.[3]

---

1. A judgment lien may be avoided if it arises within 90 days before the date of the filing. 11 U.S.C. § 547. A creditor acquires a lien against defendant as soon as he obtains a judgment. Official Code of Georgia Annotated § 9–12–80 ("O.C.G.A."). J & B obtained a lien on May 14, 2001. This lien became effective at the latest on May 21, 2001, upon the last entry on the general execution docket. O.C.G.A. § 9–12–81. Since J & B's lien became effective more than 90 days before the

filing on September 6, 2001, the lien is not avoidable as a § 547 preference.

2. If the trustee abandons the property any creditor is then free to bring an action against a third party as allowed under state law to recover the property. *Pearson*, at 761–765.

3. *See generally* Nancy L. Sanborn, Note, *Avoidance Recoveries in Bankruptcy: for the*

██ Under Georgia law, once the judgment lien is effective, it binds all of the debtor's property at that time and property thereafter acquired by the debtor. O.C.G.A. § 9–12–80. Here, the creditor argues that because it holds a valid pre-petition judgment lien it's lien is superior to that of the trustee who's lien arose at the time of the filing of the bankruptcy case. A secured creditor's interest is afforded the same protection it would have outside of bankruptcy. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Therefore, if a creditor has a state law right to seize and recover the property, it's lien will attach to after-acquired property recovered by the bankruptcy trustee. *See Fidelity and Deposit Co. of Maryland v. Exchange Bank of Macon*, 100 Ga. 619, 28 S.E. 393, 395 (Ga.1897); *see also In re Pearson*, 178 B.R. 753 (where a secured creditor has an independent claim against a third party to recover property transferred by a debtor to the third party, that claim cannot be cut off by the trustee's exercise of the Code's avoiding powers to recover the property and will have priority over a trustee's claim to the property). Therefore, to determine if the creditor's lien attaches to the property recoverable by the trustee as a § 548 fraudulent transfer, I must determine if the creditor has a right under state law, independent of the bankruptcy filing, to recover the property.

██ In Georgia, a pre-transfer[4] creditor has a right to recover property fraudulently transferred by either showing the grantor's actual intention to delay, or defraud creditors or by showing that the grantor was insolvent, or became insolvent as a result of the transfer, and the transfer was not for valuable consideration. *See* O.C.G.A. § 18–2–20, O.C.G.A. § 18–2–21, O.C.G.A. § 18–2–22. However, a subsequent creditor (post-transfer creditor) may only recover the property if he can show the grantor's actual intention to defraud subsequent creditors. *See First Nat'l Bank of Cartersville v. Bayliss*, 96 Ga. 684, 23 S.E. 851, 1895 Ga. LEXIS 155 (1895) (a gift by an insolvent debtor is void as to his then existing creditors whether or not made for the purpose of defrauding them, but it is void as to subsequent creditors only if there was an actual intention to defraud future creditors.)

O.C.G.A. § 18–2–22[5] titled "Conveyances by debtors deemed fraudulent" provides:

The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:

(1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him;

(2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had

---

*Benefit of the Estate or the Secured Creditor?*, 90 Colum. L.Rev. 1376 (1990).

**4.** A pre-transfer creditor is one who is a creditor at the time of the fraudulent transfer and thereafter reduces his claim to a judgment lien. *See U.S. v. Hickox*, 356 F.2d 969 (5th Cir.Ga.1966).

**5.** O.C.G.A. § 18–2–22, repealed by Ga.L.2002, p. 141, § 2, effective July 1, 2002, applies to transactions that took place before the day the repeal became effective. O.C.G.A. § 18–2–70 known as the Uniform Fraudulent Transfers Act, enacted by Ga.L.2002, p. 141, § 3, effective July 1, 2002, applies to transactions that took place after the day of enactment.

or made with intention to delay or defraud creditors, where such intention is known to the taking party...

(3) Every voluntary deed or conveyance, not for valuable consideration, made by a debtor who is insolvent at the time of conveyance.

The bankruptcy trustee has the right to avoid a fraudulent transfer by means of 11 U.S.C. § 548. The trustee may attack a transfer by showing an actual intent to defraud creditors (actual fraud) or by showing that a debtor transferred property while insolvent, or became insolvent as a result of the transfer, and that such transfer was for less than a reasonably equivalent value (constructive fraud). 11 U.S.C. § 548.

Accordingly, in Georgia, if the trustee recovers under a theory of actual fraud (§ 548(a)(1)(A)) then any pre-petition judgment lien will attach to property recovered by the trustee. *See Sikes v. Norton,* 185 B.R. 945, 950 (Bankr.N.D.Ga.1995) *(citing Cohen v. Bucci,* 905 F.2d 1111 (7th Cir. 1990), *reh'g denied, en banc,* 1990 U.S.App. LEXIS 12675 (1990)) (the findings necessary to support a determination of actual intent to hinder, delay, and defraud creditors under O.C.G.A. § 18–2–22(2) are sufficiently identical to those required under 11 U.S.C. § 548(a)(1). However, if the trustee recovers under a theory of constructive fraud (§ 548(a)(1)(B)), then only a pre-transfer creditor's lien may attach to property recovered by the trustee). *Bayliss,* (subsequent creditors need to show grantor's actual intention to defraud future creditors); *Hickox,* 356 F.2d 969 (under Georgia law, a creditor may set aside a fraudulent transfer if he was a creditor at the time of transfer and thereafter reduced his claim to judgment lien.) There-

fore, a subsequent creditor's lien may only attach to property recovered by the trustee if the evidence establishes the debtor's actual intent to defraud subsequent creditors. *Bayliss,* 96 Ga. 684, 23 S.E. 851.

Here, if the creditor is a pre-transfer creditor who holds a valid judgment lien, his lien will attach to any property recoverable by the trustee by means of § 548.[6] However, if the creditor is a post-transfer creditor his lien will attach to property recoverable by the trustee only if the evidence establishes the debtor's actual intent to defraud subsequent creditors. *Claussen Concrete Co., Inc. v. Walker,* 74 B.R. 238 (S.D.Ga.1987), *aff'd without opinion,* 857 F.2d 363 (7th Cir.1988) (holding that a valid judgment lien is enforceable against the property of the estate recovered by the trustee.) In *Claussen* the creditors' lien attached to the proceeds of a settlement agreement reached to satisfy claims of a fraudulent conveyance and inheritance received during the 180 days after filing. Under Georgia law, a creditor's lien would attach to the inheritance property and the creditor could bring a cause of action to recover the property fraudulently conveyed. O.C.G.A. § 9–12–80, O.C.G.A. § 18–2–21, O.C.G.A. § 18–2–22, O.C.G.A § 18–2–70, O.C.G.A. § 18–2–77. *See* footnote 4.

However, in the present case the trustee asserts causes of action of fraudulent conveyance and preferential transfer. As stated in *Claussen* a pre-transfer creditor's judicial lien attaches to property recoverable from a fraudulent conveyance. The issue remaining is whether the judicial lien attaches to property recoverable solely as a § 547 preferential transfer. For the judicial lien to attach to property recovera-

---

**6.** The trustee may recover either by showing actual fraud or constructive fraud and in either instance this pre-transfer creditor's state

law cause of action mirrors the trustee's cause of action.

ble from a preferential transfer the creditor must have a state law right to recover the property transferred.

■ A preference is a transfer of property from the debtor made for the benefit of a creditor, on account of an antecedent debt, during the time the debtor is insolvent, and that enables the creditor to receive more than such creditor would receive in a Chapter 7 liquidation. 11 U.S.C. § 547(b). Such transfer must occur during the 90–day period prior to the filing of bankruptcy or between 90 days and one year of the bankruptcy filing if the creditor is an insider. *Id.* Hence, any transfer, other than those excepted under § 547(c), that takes place during the preference period is voidable by the trustee as a preference and preserved for the benefit of the estate. *Id.* This cause of action is exclusively reserved to the bankruptcy trustee and no creditor may set aside a preferential transfer. *See Hall Hardware Co. v. Ladson Brick & Tile Co.,* 160 Ga. 341, 127 S.E. 754, 757 (1925) (action to recover assets obtained after preference is in trustee and not creditor), *Crystal Laundry & Cleaners Inc. v. Continental Finance & Loan Co.,* 97 Ga.App. 823, 104 S.E.2d 654 (1958), *rev'd on procedural grounds* 214 Ga. 528, 105 S.E.2d 727 (1958), *Klein v. Leader Elec. Corp.,* 81 F.Supp. 624, 626 (N.D.Ill.1948) ("The only right to set aside a preference resides in the Trustee...and not in the creditors...") J & B has no state law remedy for a preferential transfer. O.C.G.A. § 18–2–40 (A debtor may prefer one creditor over another). Having no state law right for recovery prevents J & B's judicial lien from attaching to any property recoverable by the trustee by virtue of the preference. Allowing J & B's lien to attach to such property would cause an alteration of the creditor's state law rights.

Accordingly, it is hereby ORDERED that to the extent J & B is a pre-transfer creditor and property is recoverable as a fraudulent conveyance, the Trustee's objection is overruled. It is furthered ORDERED that to the extent J & B is a post-transfer creditor and property is recoverable as a fraudulent conveyance under a theory of actual fraud, the Trustee's objection is overruled. It is furthered ORDERED that to the extent property is recovered as a preferential transfer the Trustee's objection is SUSTAINED. The claim is allowed as secured only to the extent of property available to satisfy the claim.