**HOBBS v. FRANKLIN JEWELRY CO., Inc.**

**No. 10261.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1942.

J. Emmett Baird, of Atlanta, Ga., for appellant.

Ellis McClelland, of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought by the bankrupt to enjoin the enforcement of a State Court judgment in trover obtained after his discharge in bankruptcy, the claim of the suit was that the liability fell with the discharge and the judgment was unenforceable.

The defenses were: (1) that the case of conversion made out in the State Court was not a mere negligent or technical one and therefore dischargeable under Davis v. Ætna Acceptance Company, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393, but a malicious and wilful one and not dischargeable; and (2) that whether so or not the defense of discharge had been made by, and finally adjudicated against plaintiff in the State Court [1] and was no longer available to him.

The District Judge querying but not deciding whether the pleadings and evidence in the State Court suit had made out a case of debt for a conversion dischargeable under Davis v. Ætna Acceptance Company, supra, determined that the question whether they did or not had been submitted by plaintiff to, and had been finally decided against him by, a court of competent jurisdiction and he could not further raise it. He was right in so deciding. The Davis case was not, as this one is, a collateral attack upon a final judgment of a State Court. Had appellant in this case, as Davis did in that one, applied to the Supreme Court of the United States for and obtained a writ of certiorari to the George Court the question would have been fully open to him. Having failed to so apply and thereby permitted the Georgia judgment to become final he is precluded from now attacking it in this proceeding.

The judgment is affirmed.

[1] Hobbs v. Franklin Jewelry Co., 64 Ga.App. 776, 14 S.E.2d 136.