## WALTERS v. WILSON.

### No. 10502.

Circuit Court of Appeals, Ninth Circuit.

April 8, 1944.

Pierson & Block, of Compton, Cal., for appellant.

W. Cloyd Snyder, of South Pasadena, Cal., for appellee.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment which affirmed in part and reversed in part an order of a referee in bankruptcy which denied a petition of appellant, Byron J. Walters, a discharged bankrupt, praying that appellee, Edith Maud Wilson, a judgment creditor of appellant, be enjoined from enforcing her judgment.

Appellee's judgment was obtained on August 20, 1937, in the Superior Court of the State of California in and for Los Angeles County. Appellant filed his petition in bankruptcy and was adjudged a voluntary bankrupt on June 9, 1939. He obtained his discharge on August 10, 1939. Thereafter, in May, 1940, appellee, seeking to enforce her judgment, complied with the provisions of § 710 of the California Code of Civil Procedure and, pursuant thereto, obtained a garnishment against the salary of appellant as a judge of the Municipal Court of the City of Los Angeles. Thereupon, as required by § 710, the auditor of Los Angeles County paid into the Superior Court the money due appellant as such salary.

Appellant did not at that time petition the bankruptcy court to enjoin the enforcement of appellee's judgment.[1] Instead, he moved the Superior Court for an order releasing the money received from the auditor. A ground of the motion was that, by his discharge in bankruptcy, appellant was released from the debt evidenced by appellee's judgment. Appellee opposed the motion on the ground that the debt evidenced by her judgment was a liability for obtaining money by false and fraudulent representations and hence was not affected by appellant's discharge.[2] The Superior Court granted the motion and ordered that the money received from the auditor be released. The District Court of Appeal affirmed the order.[3] The Supreme Court of California reversed the order and remanded the case to the Superior Court for further proceedings.[4]

---

[1] Cf. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A. L.R. 195.

[2] See Bankruptcy Act, § 17, 11 U.S. C.A. § 35.

[3] Wilson v. Walters, Cal.App., 112 P. 2d 964.

[4] Wilson v. Walters, 19 Cal.2d 111, 119 P.2d 340.

In its decision, the Supreme Court of California held that the debt evidenced by appellee's judgment was a liability for obtaining money by false and fraudulent representations and hence was not affected by appellant's discharge. That decision was rendered on December 2, 1941. On December 23, 1941, appellant filed in the bankruptcy court the petition first hereinabove mentioned, the ground of which was that, by his discharge, he was released from the debt evidenced by appellee's judgment. Thus appellant sought to relitigate in the bankruptcy court an issue which he had previously litigated in the courts of California, and which had there been determined against him. This he could not do.[5]

The referee's order was correct. The bankruptcy court's judgment, which affirmed the order in part and reversed it in part, is modified so as to affirm it in toto.

As thus modified, the judgment is affirmed.

---

[5] Hobbs v. Franklin Jewelry Co., 5 Cir., 131 F.2d 432. See, also, Mitchell v. First National Bank, 180 U.S. 471, 480, 21 S.Ct. 418, 45 L.Ed. 627; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 90, 43 S.Ct. 480, 67 L.Ed. 871; Grubb v. Public Utilities Commission, 281 U.S. 470, 475–479, 50 S.Ct. 374, 74 L.Ed. 972; Baldwin v. Iowa State Traveling Men's Ass'n, 283 U. S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244; American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298; Treinies v. Sunshine Mining Co., 308 U.S. 66, 78, 60 S.Ct. 44, 84 L.Ed. 85.